## Ætna Life Insurance Co. et al. v. Rebecca M. McNeely et al.

1. LIMITATIONS—*What Does Not Prevent the Running of the Statute.* —A widow of a deceased mortgagor can not, by partial payments of the principal and annual interest upon such indebtedness, prevent the running of the statute of limitations as against the heirs of the deceased.

Ætna Life Ins. Co. v. McNeely.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Opinion filed May 16, 1896.

## STATEMENT OF THE CASE.

The appellant company on the 18th day of May, 1895, filed its bill in chancery against the appellees, who are the children and only heirs of one Henry Banning, deceased, praying for a decree foreclosing a certain trust deed executed by said deceased and Martha, his wife (also since deceased), whereby they mortgaged sixty-five acres of land belonging to the husband and being the homestead of himself and family, to secure the payment of an indebtedness in the sum of $1,000 due from the husband to the company, which indebtedness fell due January 1, 1883. The bill alleged that said Henry Fanning died in 1881, and that his widow, Martha, in 1882, paid $300 upon the principal sum of said indebtedness and made written application to the company for an extension of the time of payment of the remainder; that the company granted such application, and that it was agreed in writing between it and said Martha that the time of payment should be extended for a period of five years, and that said Martha under such agreement paid the annual interest on the remainder of the debt for that period and again applied for a further extension of the time of payment, and that another agreement between her and the company was duly entered into in writing extending the time of payment for another period of five years which last period expired on the 1st day of January, 1893; that said Martha had possession of the mortgaged land and occupied it as a homestead from and after the death of her husband until her death, which occurred on the 17th day of February, 1892, and paid the annual interest each year upon the mortgage indebtedness during that period of time.

The bill further alleged the payment of the sum of $300 made by said Martha and the agreements for the extension of the time of payment of the remainder of the debt were made with the knowledge and consent, and at the request

of the appellees, children of the mortgagor, Henry Fanning. The appellees relied upon the bar of the statute of limitations. Upon a hearing the court sustained their defense and dismissed appellant's bill, and it has brought the case here by appeal.

EDWARD P. KIRBY, attorney for appellants.

It is not material whether the payment be a payment of principal or a payment of interest. Both stand upon the same footing. A payment of interest is regarded as an acknowledgment of the debt, and from the acknowledgment a promise to pay the debt may, and ought, to be implied. Sigourney v. Drury, 14 Pick. 387; Lowery v. Geer, 32 Ill. 383; Paris v. Hunter, 10 Ill. App. 230.

The law of limitations is not favored in equity, and is the creature of the statute. At common law there was ordinarily no limit as to time.

"The common law fixed no time as to the bringing of actions. Limitations derive their authority from statutes." United States v. Thompson, 98 U. S. 486.

BAILEY & SEDGWICK, attorneys for The Ætna Life Insurance Company and Benjamin L. T. Bourland, appellants.

Section 16 of our statute of limitations does not require the new promise or part payment to be "by the party to be charged."

Any one claiming or holding under a mortgage is affected by partial payments made by him. Emory v. Keighan, 88 Ill. 489.

A payment of interest made by any person who, under the terms of the contract, was entitled to pay, and from whom the mortgagee was bound to accept payment, is a payment from the date of which the statute of limitations commences to run. 13 Am. and Eng. Encyc. of Law, p. 760, note 3, and cases cited.

Under section 11 of the Limitation Act of 1872 (mortgages), the limitation begins to run from the last payment of interest on the debt. Schefferstein v. Allison, 123 Ill.

662; Kreitz v. Hamilton, 28 Ill. App. 566, 571; Houston v. Workman, 28 Ill. App. 626, 628.

The words "in writing" qualify the words "new promise" only, and not the word "payment." Bowles v. Keator, 47 Ill. App. 28.

A promise by a life tenant to pay taxes, barred by the four years' statute of limitations, removes the bar, although the remainderman makes no promise; for taxes are payable by the life tenant. Duvall v. Perkins, 77 Md. 582.

The tenant for life is bound to keep down the interest on incumbrances. 1 American Leading Cases in the Law of Real Property, p. 209; Coggswell v. Coggswell, 2 Edw. 231; Hunt v. Watkins, 1 Humph. 498; Mosley v. Marshall, 27 Barb. 42; Jones v. Sherrard, 2 Dev. & B. Eq. 179; Barnum v. Barnum, 42 Md. 251.

A partial payment on a mortgage by the heirs of two joint and several mortgagors, owing part of the mortgaged premises inherited from the mortgagors, is binding as an acknowledgment of the debt upon a grantee of another part from one of the mortgagors, and the heirs of the other, and prevents the running of the statute in favor of such grantee. Morduck v. Robinson, 71 Hun, 320.

A part payment of principal or interest made by the mortgagor or his agent revives the mortgage and gives it a new lease of validity from the date of such payment, and a payment by one of two or more mortgagors, while the mortgage is still operative, will keep up the right of entry against all. 2 Wood Lim., 2d Ed., 556, note 4; Pears v. Lanig, L. R., 12 Eq. Cas. 51; Roddam v. Morley, 1 De G. & J. 1.

Payments of interest made by a tenant for life have been held sufficient as against the remainderman. Toph v. Stephenson, 1 De G., M. & G. 40; Pears v. Lanig, 12 Eq. Cas. 51; Roddam v. Morley, ante.

So a payment by a mortgagor's solicitor. Ward v. Carter, L. R., 1 Eq. 29.

Or by any person either having express authority or so situated in reference to the property and the mortgage that

the law will imply authority. Chinnery v. Evans, 11 H. L. Cas. 115.

J. O. PRIEST and CHAS. A. BARNES, attorneys for appellees.

The fee went to the heirs direct upon death of ancestor. For ten years from January 1, 1883, the insurance company had a right to their lien. During that time they slept on their rights. When that time expired the right was gone. The debt was extinguished by the statute, and this land freed from this lien. In case of Emory v. Keighan, 88 Ill. 486, the court says: "In England it is held that the right of entry under a mortgage may be tolled by the lapse of time; and so is the law in Illinois. In Illinois the time required to toll the right of entry under a mortgage is that prescribed by the statute of limitations relating to actions for the collection of the debt secured by the mortgage." See also Pollock v. Maison, 41 Ill. 517.

The insurance company merged the debt of Henry Fanning in that of Martha Fanning. They saw fit to look to her for their money. In consideration of such payment of interest and principal they canceled the Henry Fanning debt and looked to his widow. That is the fact of the case, understood at the time. When, upon her death, they find they can not recover from her estate, they now seek to repudiate this subrogation and hold the heirs. We think they are estopped from so doing by every rule of both law and equity. While these appellees were never jointly liable for this indebtedness, even if they were, the new promise or payment by one (Martha) without the knowledge or assent or subsequent ratification of the others (the heirs) will not operate to bind the latter. Kallenback v. Dickinson, 100 Ill. 427.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

There was no proof the appellees or any of them requested the widow to make any payment either of principal or interest upon the debt or to arrange for extending the

time of its maturity or that any of them were in any way consulted about or asked to consent to anything that she did about the matter.

It is clear some of them knew she was paying the interest on the indebtedness but she held possession of the mortgaged lands as her homestead, enjoyed the rents and profits thereof as was her right to do, and the heirs seem to have given neither care nor thought to the indebtedness or to the mortgaged premises until the homestead right expired. The company treated her as the sole party in interest and dealt with her and the indebtedness upon that basis.

We can not regard the appellees or any of them as bound by the transactions between the company and the widow, on the ground she was acting at their request, for such was not proven; nor can we regard any of them as estopped on the ground she acted with their knowledge and consent, for it was not proven they knew of and consented to either of the contracts for an extension of the time of payment. Nor had she authority because of the relation of all of the parties to the land to bind them by her contracts or her payments.

She had an estate of homestead in the land and they owned the fee. They were not joint debtors, for none of the appellees were personally bound as debtors, but all were more or less interested in the payment of the debt, because it was a lien upon the land.

This interest was no doubt such as to give either of the heirs or the widow the right to pay the debt and to charge the appellant company with the duty of accepting payment from either, but not such as to give the widow or any heir power to bind the others to a new contract extending the time of payment. Indeed the right of each of such parties to discharge the debt is inconsistent with the right of another of them to enter into an independent contract legally binding upon all, postponing the date of payment. Kallenback v. Dickinson, 100 Ill. 427, is an instructive case in this connection.

The contracts entered into by the widow and payments

made by her no doubt operated to bind her interest in the land and to stay the running of the statute as to her, but had no such effect as to the interests of the appellees. They were bound only by the contract as it existed with their father. Right of action upon that contract was barred by the statute.

The decree is affirmed.