## Louisa Deaton et al. v. Joseph Deaton et al.

1. STATUTE OF LIMITATIONS—*New Promise of Principal Maker Does Not Remove Bar as to Non-consenting Surety.*—A payment or new promise of the principal maker of a promissory note which has the effect to take the case out of the statute of limitations so far as he is concerned, does not remove the bar so far as it relates to his unadvised and non-consenting surety.

2. PRINCIPAL AND SURETY—*Position of Surety Who Executes a Mortgage to Secure a Note and Does Not Sign the Note.*—A surety who executes a mortgage to secure a note and does not sign the note is entitled to all the rights and privileges of a personal surety under the statute, and whatever would be necessary to remove the bar in the one case would be required in the other.

Bill for an Accounting.—Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge presiding. Heard in this

court at the November term, 1902.   Affirmed.   Opinion filed April 30, 1903.

On March 1, 1887, Thomas Deaton borrowed from N. Adelia Blakeman $350 and delivered to her his promissory note for that sum and interest, payable two years after date, with Robert Deaton as surety. He and his wife, Matilda Deaton, on the same day, to further secure the payment of the note, executed and delivered to Blakeman a mortgage on the northwest quarter of the southeast quarter of section 11, township 15, north, range 11, west, in Morgan county, Illinois. The west half of the tract was then owned by Matilda Deaton and the east half by Thomas Deaton.

On February 21, 1888, Matilda Deaton died intestate, leaving her husband, Thomas Deaton, and as her only heirs at law seven children, to wit: Louisa, Permelia, Joseph, Nathan, Augustus and John Deaton, and Sardelia Waunamaker. On February 6, 1890, Thomas Deaton conveyed to Louisa Deaton and Permelia Deaton the east half of the above described land, and on June 19, 1890, Sardelia Waunamaker conveyed to her father, Thomas Deaton, and her brothers and sisters above named, all her title and interest in the west half of the tract.

On February 7, 1891, Thomas Deaton paid $100 on the principal of the above mentioned note and the interest to that date, and on February 14, 1891, N. Adelia Blakeman, the payee, assigned the note to Louisa Deaton and Permelia Deaton, and also delivered to them a formal assignment of the mortgage given to secure it.

On February 28, 1900, Thomas Deaton died intestate, leaving as his only heirs at law the seven children above named. Sardelia Waunamaker, on January 19, 1901, conveyed her interest, inherited from her father, to Louisa and Permelia Deaton.

On February 5, 1901, Louisa and Permelia Deaton filed in the Circuit Court of Morgan County their bill in equity against their brothers, Joseph, John, Augustus and Robert Deaton, praying for an accounting of the amount due on

the said note and mortgage and that they be required to pay their equitable and *pro rata* share of the amount so found to be due, and in default thereof, their interests in the west half of the said tract of land be sold. Only John Deaton and Joseph Deaton answered. The other defendants were defaulted. The answer set up that the note and mortgage were barred by the statute of limitations, and upon that issue the cause was referred to the master in chancery for proofs and findings. Before the hearing, John Deaton died, and his widow, Georgia Deaton, and four children, were substituted as defendants. The master heard the proofs and reported that there was due on the note and mortgage the sum of $479.55 and that the complainants had no right to foreclose the mortgage except as to the undivided one forty-ninth part, which was owned by Thomas Deaton at the time of his death. The court sustained the master's report and rendered a decree accordingly, to which the complainants excepted, and now, by appeal, bring the record to this court for review.

Edward P. Kirby, attorney for appellants.

Robert Tilton, attorney for appellees.

Mr. Justice Harker delivered the opinion of the court. The sole question for our decision is whether the Circuit Court erred in holding that the note and mortgage in question were barred by the statute of limitations as against the remaining interests of appellees in the land which Matilda Deaton owned at the time of her death.

The note became due on the first of March, 1889, and under section 16 of the limitations act, was barred ten years thereafter unless the bar was removed by payment, or new promise to pay, in writing. Appellants' bill was not filed until February 5, 1901, nearly two years after the expiration of the ten years. It is contended that because of the payment made by Thomas Deaton on the 7th of February, 1891, the statute did not begin to run until that date. That is true as to Thomas Deaton, the principal

maker, and as to the land owned by him, it was included in the mortgage; but not as to the land owned by his wife, Matilda Deaton. When she pledged her land to the payment of the debt, the pledge was that of a surety. The law is well settled in this state that a payment or new promise of the principal maker of a promissory note which has the effect to take the case out of the statute of limitations so far as he is concerned, does not remove the bar so far as it relates to his unadvised and non-consenting surety. Kallenbach Jr., v. Dickinson, 100 Ill. 427; Ætna Life Ins. Co. v. McNeely, 65 Ill. App. 222; Ætna Life Ins. Co. v. McNeely, 166 Ill. 540.

A surety who executes a mortgage to secure a note and does not sign the note is entitled to all the rights and privileges of a personal surety under the statute, and whatever would be necessary to remove the bar in the one case would be required in the other.

The decree of the Circuit Court will be affirmed.