ERIC E. ANDERSON

v.

PETER W. FIELD ET AL.

</div>

1. CONFESSION OF JUDGMENT—WARRANT OF ATTORNEY MUST BE PROVED.—In proceedings for confession of judgment upon a warrant of attorney, the court obtains jurisdiction of the person of defendant only by virtue of the warrant of attorney, and its due execution must, therefore, be proved.

2. RECITAL IN JUDGMENT—NOT CONCLUSIVE.—A recital in the record of a judgment entered by confession, that the execution of the warrant of attorney was duly proven, is conclusive unless contradicted by the record itself; but where the record purports to contain all the evidence upon which the finding is based, this, as well as any other finding, may be reviewed upon appeal, and if found to be unsupported by evidence, may be reversed.

3. CONFESSION IN TERM TIME—MUST BE IN OPEN COURT.—Where a judgment is entered by confession in term time, it should be done in open

court. The cause should be brought before the judge in person and passed upon by him. Such judgments can be entered by the clerk of the court only in vacation.

4. PRACTICE—BILL OF EXCEPTIONS.—Where there are several judges holding separate branches of the same court, the bill of exceptions should be signed by the judge before whom the particular matter embraced therein was heard; but where the principal object of the bill of exceptions is to show that the matter had never been heard before the court in any of its branches, it is not improper that the bill should be signed by all the judges of the court. It is the only way in which that fact can properly be made a matter of record.

5. FRAUD IN PROCURING NOTE.—Appellant alleged that the execution of the note with a warrant of attorney to confess judgment was obtained by fraud; that he only intended to give a note in the common form, and it appearing that he was solicited to sign the note by the agent of appellee at a time when he was busy with a customer in his business; was told by the agent that it was only a note in the common form—was not a judgment note; and while he was signing it his attention was purposely diverted from the paper, by the agent, the court is of opinion there was such fraud used in obtaining the execution of the note as to warrant setting the judgment aside.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed April 27, 1880.

Messrs. HUTCHINSON & PARTRIDGE and Messrs. LYMAN & JACKSON, for appellant; that where it appears there was no sufficient warrant of attorney to authorize the entry of judgment, it should be set aside and leave the party to his ordinary remedy, cited Lake v. Cook, 15 Ill. 353; Frye v. Jones, 78 Ill. 627.

: Proof of execution of the warrant of attorney should have been made: Roundy v. Hunt, 24 Ill. 600; Iglehart v. C. & M. F. Ins. Co. 35 Ill. 514; Tucker v. Gill, 61 Ill. 236.

Messrs. FAIRCHILD & BLACKMAN, for appellee; that the court should disregard the bill of exceptions so far as it relates to statements of the judges signing it who had nothing to do with the case, cited Davis v. Bradley, 79 Ill. 316; Jones v. Albee, 70 Ill. 34; Browder v. Johnson, Breese, 96.

The record cannot be contradicted: Bush v. Hanson, 70 Ill. 480; Osgood v. Blackmore, 59 Ill. 261; Rising v. Brainerd, 36 Ill. 79; Stewart v. H. B. Ass'n, 78 Ill. 596; White v. Jones, 38 Ill. 160.

Anderson v. Field.

There is a distinction between judgments entered in vacation and those entered in term time as to proof of warrant of attorney: Iglehart v. Morris, 34 Ill. 501; Waterman v. Caton, 55 Ill. 94.

The defendant should show a meritorious defense: Fisher v. Meek, 38 Ill. 92.

It was the duty of appellant to read the note: Tuck v. Downing, 76 Ill. 71.

BAILEY, P. J.    The transcript of the record in this case shows that on the 3d day of October, 1879, said day being one of the days of the September term, 1879, of the Superior Court of Cook county, there were filed in the office of the clerk of said court the following papers, viz: 1. A declaration in assumpsit in a suit of Peter W. Field and others against Eric E. Anderson, on a promissory note for $769.27, executed by the defendant to the plaintiffs, dated March 28, 1879, due four months after date, and drawing interest from date at the rate of eight per cent. per annum; 2. The promissory note described in said declaration, said note containing a warrant of attorney, authorizing any attorney of any court of record to appear in such court for the maker of the note, in term time or vacation, at any time after the date of the note, and confess a judgment without process, in favor of the holder, for such amount as might appear to be unpaid thereon, together with costs and attorney's fees, and to waive and release all errors and consent to immediate execution on such judgment; and 3, A cognovit signed by an attorney, waiving process and confessing judgment on said note against said Anderson for $800 and costs, and releasing all errors and consenting to immediate execution.   No affidavit proving the execution of said note and warrant of attorney, was filed with such papers, but the transcript shows what purports to be an entry of judgment under and in pursuance of said warrant of attorney and cognovit, on the same day, in open court, for $800 and costs, and it is therein recited that the execution of said warrant of attorney was duly proven.

On the next day following the date of said judgment, the

defendant appeared and moved to vacate the same, and to recall an execution which had been issued thereon, and said motion afterward coming on to be heard on certain affidavits presented on behalf of the defendant, was overruled, to which decision the defendant duly excepted. The assignments of error not only call in question the decision of the court overruling said motion, but also present for review the proceedings in relation to the entry of judgment itself. The grounds for reversal now urged by the defendant are the following: 1. That the execution of the warrant of attorney is shown to have been procured by fraud; 2. That no proof of its execution was presented or heard at the time of the entry of judgment; and 3. That said judgment was not entered in open court, but was entered by the clerk, without being presented to or acted upon by the court.

The motion to vacate said judgment was heard by one of the three judges of the Superior Court, in the branch of said court, over which said judge presides, but the defendant has procured his bill of exceptions, to be signed and sealed, not only by the judge who heard the motion, but also by the two other judges of said court. Said bill of exceptions purports to contain not only all the evidence adduced upon the hearing of the motion, but also the evidence presented at the time of the entry of the judgment, as well as a recital of the circumstances under which the judgment was entered, so far as the same transpired before or in the presence of either of said judges.

The affidavits read in support of the motion to vacate the judgment were directed solely to the question of fraud and circumvention in procuring the execution of the warrant of attorney. No counter affidavits were read on behalf of the plaintiffs, and so the facts disclosed by the defendant's affidavit stand entirely uncontradicted. These are briefly as follows:

The note in question, although bearing date March 28, 1879, was not in fact drawn up or executed until October 2, 1879, the day prior to the entry of the judgment. The defendant is a native of Sweden, and can only read and write the English language imperfectly, and is but imperfectly acquainted with the modes of transacting business in this country. At the time in

Anderson v. Field.

question he was, and for some time prior thereto had been, doing business in Chicago as a merchant tailor. On said second day of October, 1879, he was owing the plaintiffs a balance of $769.27 upon an account for merchandise purchased of them on the 20th and 28th days of the previous March.

Late in the afternoon of that day he was visited by an agent of the plaintiffs, who desired him to settle the account by giving his promissory note, so that the plaintiffs could get the account off from their books. Nothing was said about giving a judgment note, nor was any suggestion made by said agent as to the execution of any instrument other than an ordinary promissory note. The defendant at the time was busily engaged in taking the measure of a customer, and said agent thereupon sat down at a desk and drew up a paper which he represented to be such note, and passed it to the defendant, handing him a pen and requesting him to sign it. At the time of doing so, as the affidavits allege, said agent, with intent to deceive the defendant, fraudulently concealed from him the fact that the note contained a warrant of attorney, and fraudulently stated that it was an ordinary promissory note, and not a judgment note. The defendant, being very busy with his work, and relying upon said agent, and putting special trust and confidence in his representations as to the character of the paper, signed it without examination, and not observing or knowing that there was contained in the body of the instrument a warrant of attorney authorizing a confession of judgment thereon at any time thereafter, without process.

It further appears from said affidavits that said agent, by way of attempting to divert the attention of the defendant from the true nature of the instrument which he was about to place before him for his signature, indulged in certain badinage and pleasantry while drawing it up, and for the purpose of lulling him into security and putting him off his guard, said agent told the defendant that he could have all the time necessary to pay the amount due, and that the plaintiffs would not press him for immediate payment, and that said agent, by taking advantage of the fact that the defendant was so busily engaged, and of the confidence reposed in him by the defend-

ant, fraudulently procured the execution by the defendant of said warrant of attorney, without his having any knowledge thereof. The affidavits further allege that the defendant, if he had known that a warrant of attorney was contained in said note, would have refused to sign it, and that it was owing to a belief and fear that he would so refuse, that said agent resorted to the concealments and misrepresentations above set forth.

Whatever might have been the rights of the parties had the note in question passed into the hands of a *bona fide* assignee before maturity, we think the foregoing facts, uncontradicted and unexplained, are sufficient, as between the original parties to the instrument, to show that the execution of the warrant of attorney was procured by fraud. It is clear that the defendant had no intention of creating a power to confess judgment on the note, and he was entirely ignorant of the fact that he was doing so. He did not read the note, and the plaintiffs' agent evidently endeavored to so manage it that he should not read it. The devices resorted to, for the purpose of diverting his attention and lulling him into security, were well calculated to secure that result. These, coupled with the positive representation and assurance on the part of the agent that the instrument was only an ordinary promissory note, induced the defendant to sign it without examination.

It is not a sufficient answer to say that the defendant might, by the exercise of a higher degree of care and diligence, have escaped the snare which the plaintiffs' agent had laid for him. The plaintiffs, at least, have no right to complain of the confidence reposed by the defendant in the representations and conduct of their agent, nor can they reap the fruits of a fraud, purposely and adroitly consummated by such agent, upon the ground that the party deceived might, if he had been more wary, have detected and defeated the scheme. We think that the judgment should have been vacated, on the ground that the execution of the warrant of attorney was procured by fraud.

The next question to be considered, is, whether there was proof of the execution of the warrant of attorney sufficient to authorize the entry of the judgment. As has already been noticed, no affidavit of its execution was filed with the cognovit,

Anderson v. Field.

and the bill of exceptions expressly certifies that no evidence of any kind as to its execution was produced before either of the judges of the court below at the time of or prior to the entry of said judgment. Reliance, however, is placed upon the recital in the judgment itself, that the warrant of attorney was duly proven.

Undoubtedly this recital is conclusive unless contradicted by the record itself. It stands upon the same footing with any other finding of fact by a court of competent jurisdiction, and cannot be called in question unless the record also contains the evidence upon which such finding is based. But where all the evidence is preserved, this, as well as any other finding based thereon, may be reviewed on appeal, and if found to be contrary to or wholly unsupported by the evidence, may be reversed. Follansbee v. Scottish American Mortgage Co. 5 Bradwell, 17. On examining the bill of exceptions, we find an entire absence of evidence tending to establish the execution of the warrant of attorney, and as the bill of exceptions purports to contain all the evidence, the conclusion necessarily follows that no evidence was heard, and that the recital in the judgment is wholly unsupported, and therefore erroneous.

The court below had jurisdiction of the person of the defendant only by virtue of the warrant of attorney, and the entry of his appearance under the power therein contained. Proof of the execution of the warrant of attorney was, therefore, essential to the jurisdiction of the court over the person of the defendant, and such proof being wanting, the court was without jurisdiction.

The remaining point urged by the defendant, viz: that the judgment was not entered in open court, is quite as fatal as either of those already considered. The day the judgment was entered was in term time, and not in vacation. By the bill of exceptions, each of the three judges of the Superior Court certifies that neither the plaintiffs nor the defendant appeared in said cause before the branch of said court over which he presides, either in person or by attorney, and that no papers in said cause were submitted to, or produced before him in said court.

It is insisted by counsel for the plaintiffs that the signing and sealing of the bill of exceptions by all three of the judges of the Superior Court was irregular and unwarranted by any well-recognized rule of practice; and, also, that the mere negative fact that no proceedings were had in the cause in court, is not a proper matter to be presented by bill of exceptions.

We are unable to say that, under the peculiar circumstances of this case, the signing of the bill of exceptions by all three of the judges was improper. Doubtless where there are several judges holding separate branches of the same court, the bill of exceptions should be signed by the judge before whom the particular matter embraced therein was heard. In this case, however, one of the principal objects of the bill of exceptions, was to show that the matter in controversy had never been heard before said court in either of its branches. We know of no way in which such fact could be preserved and made matter of record by bill of exceptions, without obtaining the certificate of all the judges to such fact, either in the same bill of exceptions or in separate bills.

Nor can we see any reason why the fact that no action has been taken by a court may not be shown in this way. It is a fact within the personal knowledge of the judge, and so does not need to be shown by proof *aliunde*. The ordinary recital in a bill of exceptions, that the evidence therein contained is all the evidence that was heard on the trial, is essentially a certificate of a negative fact. It is equivalent to a statement that no evidence beyond that recited was heard. We see no difference in principle between such recital and a recital that no proceedings of any kind were had in a cause before the court.

It appearing, then, that the judgment in question was not entered in open court, we know of no principle upon which it can be sustained. Judgments by confession can be entered before the clerk only in vacation, but during term time they must be entered in open court. The cause must be brought before the judge in person and passed upon by him. The clerk cannot act for him. The entry of the judgment is a judicial act, which the judge of the court alone can perform.

In this case the clerk has, contrary to the fact, recited in his entry of judgment that the proceedings were had in court. This recital is met and overthrown by the bill of exceptions, which shows that no such proceedings whatever were had before either of the judges of the court. We have, then, what amounts to an entry by the clerk of a record where there has been no corresponding adjudication. It is the duty of the clerk to record with accuracy and fidelity what actually takes place in court, and it is equally his duty to abstain from interpolating into the records anything which does not take place therein. When we consider the absolute faith and credit which the judgment of the court must necessarily receive, it becomes of the utmost importance that judicial proceedings should be faithfully and accurately recorded, and any attempt by a clerk to spread upon his record matters which have not been the subject of judicial action, cannot be too severely rebuked. In this case the record which purports to be a judgment of the court, is shown to be merely the unauthorized act of the clerk, and has no force or validity as a judgment, and is merely void.

For the reasons above set forth, the judgment against the defendant by confession is reversed and vacated, and this cause is remanded for further proceedings.

<div align="right">Judgment reversed.</div>