Balm v. Nunn, Sheriff, et al.

BALM v. NUNN, SHERIFF, ET AL.

1. **Practice in Supreme Court**: EVIDENCE IN LAW CASE NOT ALWAYS REQUIRED. An appeal to this court in a *law* action will not be dismissed simply because the record fails to show that all the evidence is before the court, when there are questions which may properly be determined without the evidence, or without all of it.

2. ———: IMPERFECT BILL OF EXCEPTIONS: MOTION TO DISMISS APPEAL. A motion to dismiss an appeal in a law action, upon the ground that there is no proper bill of exceptions, will be overruled. Such question must be determined upon trial in this court, and not upon motion.

3. ———: APPEAL TRIED UPON ABSTRACTS, UNLESS DENIED. An appellant's abstract is taken as true, unless denied by appellee; and, where the latter denies not the correctness of the former's abstract, but files an additional abstract, setting out portions of the record, the court will consider that both abstracts taken together fairly present the record, unless this is specifically denied, and will proceed accordingly.

4. **Practice**: CONTINUANCE ON ACCOUNT OF SURPRISE: FACTS NOT WARRANTING. Where certain facts were pleaded in a reply, to which there was no objection, but plaintiff, upon the trial, in order that he might be allowed to prove such facts under the court's rulings, set them up in an amendment to his petition, *held* that the defendant could not have been surprised by the issue so made, and by the offer to prove such facts, and that it was error for the court to grant a continuance upon the ground of such alleged surprise.

5. **Judgment**: UNAUTHORIZED ENTRY OF IN VACATION: VOID. A judgment entered by the clerk in vacation, without any action of the court authorizing or approving of such entry, is void. *Townsley v. Morehead*, 9 Iowa, 565, and *Spear v. Fitchpatrick*, 37 Id., 127, followed.

6. ———: EVIDENCE OF: WHAT IS NOT. It is not competent to prove a judgment in any other way than by the production of the proper record thereof. Oral testimony, and *memoranda* entered upon books not intended to preserve the records of judgments, are not competent. *Case v. Plato*, 54 Iowa, 64, followed.

| 63 | 641 |
| 80 | 286 |
| 63 | 641 |
| 94 | 315 |
| 63 | 641 |
| 103 | 197 |
| 63 | 641 |
| 104 | 674 |
| 105 | 19 |
| 105 | 465 |
| 63 | 641 |
| 112 | 291 |
| 63 | 641 |
| 113 | 424 |
| 63 | 641 |
| 119 | 125 |
| 63 | 641 |
| 130 | 368 |
| 63 | 641 |
| 132 | 103 |
| 63 | 641 |
| 141 | 179 |
| 142 | 39 |

7. **Executon**: UPON VOID JUDGMENT: VOID. An execution issued upon a void judgment is itself void, and confers no right upon the sheriff to hold property seized under it. *Campbell v. Williams*, 39 Iowa, 646, followed.

8. **Replevin:** OF PROPERTY FROM SHERIFF: FACTS ENTITLING PLAINT-IFF TO RECOVERY. The sheriff in this case, under an execution against the father, levied upon property which in fact belonged to the son, but which he had left in the father's possession, under such circumstances (presumably) as to render it liable upon execution against the latter; but, in an action by the son to recover the property from the sheriff, it appeared that the execution was void:—*Held* that, these facts appearing upon the trial, the son was entitled to judgment for the property.

*Appeal from Lee Circuit Court.*

FRIDAY, JUNE 6.

ACTION IN REPLEVIN. The cause was tried to the court without a jury, and judgment was rendered for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Newman & Blake*, for appellant.

*Van Valkenburg & Hamilton*, for appellees.

BECK, J.—I. The petition alleges that plaintiff is the absolute and unqualified owner of the property in contro-versy, and was in possession thereof when it was seized by the sheriff under an execution against one J. T. Balm, which constitutes the alleged ground of detention of the property. The defendants in their answer deny the allegations of the petition, and aver that the sheriff levied upon the property an execution issued upon a judgment in favor of one Enslow, who is made a defendant, and against J. T. Balm, which was rendered by the district court of Lee county. They further allege that J. T. Balm is the owner of the property, and that the claim of plaintiff thereto is fraudulent, and is made for the purpose of protecting it from sale upon the execution. A copy of the judgment is attached to the answer as an exhibit. Replying to the answer, plaintiff denied "that

there was any judgment at or before the execution issued, or at any time since the execution issued."

II. The defendants move to dismiss the appeal upon the ground that the abstract does not purport to contain all the evidence, that the judge's certificate does not show that the transcript contains all the evidence, and that there is no proper bill of exceptions presenting the questions of law and fact involved in the case.

*1. PRACTICE in supreme court: evidence in law case not always required.*

The motion must be overruled. We cannot dismiss an appeal upon any one of the alleged grounds. If it should appear in a law case that the evidence is not all before us, we would not dismiss the appeal when, as in this case, there are questions that may be determined without all of the evidence being before us. The other objections suggested in the motion, involving the sufficiency of the contents of the record to sustain the errors assigned upon it, must be determed upon a trial here, and not upon motion.

*2. ———: imperfect bill of exceptions: motion to dismiss appeal.*

III. The plaintiff files an amendment to his abstract, showing that it contains all the evidence, and that all questions raised by him in the case are based upon rulings and proceedings of the court, presented, in the report of the trial, filed in the case by the official reporter. The correctness of the abstract, as amended, is not denied by defendants. It must be regarded as admitted. In addition to this, the defendants file an additional abstract, setting out in full certain facts of the record and certain evidence, which are alleged not to be found with sufficient fullness in the plaintiff's abstract. This is regarded by more than one decision of this court as an admission on the part of defendants that the abstracts of plaintiff, with the additional abstract filed by the other party, completely present the case.

*3. ———: appeal tried upon abstracts, unless denied.*

IV. Upon the trial, plaintiff offered to prove that there was no judgment upon which the execution levied upon the

4. PRACTICE: continuance on account of surprise; facts not warranting. property in question could have issued. But the court held that such evidence could not be heard, unless plaintiff pleaded specially the fact he proposed to prove. Thereupon plaintiff filed an amendment to his petition, alleging that, when the execution was issued and this suit was commenced, no judgment had been entered, and that it was in fact entered in vacation, long after the commencement of this action. Thereupon defendants moved the court to continue the cause, basing their motion upon the absence of Hon. A. H. Stutsman, the judge of the district court, by whom they expected to prove that the judgment was entered upon his order in open session. The defendants showed sufficient reason for the absence of the witness, and alleged surprise on their part, for the reason that they had no notice of defendants' assault upon the judgment. The cause was continued at the costs of plaintiff, and judgment was rendered accordingly against plaintiff for costs, in the sum of $104.80.

These proceedings, we think, were erroneous. The plaintiff, in his reply to defendants' answer, denied the existence and validity of the judgment, both of which were as plainly and directly put in issue as they were by the amended petition. The fact is alleged in each pleading that the judgment under which defendants justified the seizure of the property did not exist. As no objection was made to the reply, it must have been regarded as putting in issue the facts therein alleged, and these invelved the very existence of the judgment. It was not necessary to repeat the allegations in an amended petition. They had already been presented, and had raised an issue involving the sufficiency of the judgment and the validity of the execution. As this issue was plainly raised by the reply, defendants could not have been surprised upon the offer being made to introduce evidence under it. We shall also hereafter see that the evidence they proposed to introduce, as stated in the affidavit for a continuance, was incompetent.

V. The evidence before us conclusively shows that the case, wherein the judgment in question is claimed to have been rendered, was tried December 20, 1881, and a verdict on that day was rendered for plaintiff, but no judgment was rendered at the term. A motion for a new trial was made, and it was held for decision in vacation. There was no agreement that judgment should be entered in vacation, and no memorandum or order entered in the judge's trial docket for judgment. Within the time in which the motion for a new trial was to be decided, and in vacation, the judge advised the clerk of his decision overruling the motion, and directed him to make entry as noted in the trial docket, or court docket. No entry of judgment was made before execution was issued, and none was entered until after this action was commenced, and shortly before the trial. This was done in vacation. No action of the court is shown authorizing or approving this vacation entry by the clerk. It was, therefore, void. *Townsley v. Morehead*, 9 Iowa, 565; *Spear v. Fitchpatrick*, 37 Id., 127.

*5. JUDGMENT: unauthorized entry of in vacation: void.*

There can be no judgment until it is entered in the proper record of the court. It cannot exist in the memory of the officers of the court, nor in *memoranda* entered upon books not intended to preserve the record of judgments. Code, § 2864; *Case v. Plato et al.*, 54 Iowa, 64. It is not competent to prove a judgment in any other way than by the production of the proper record thereof.

*6. ——: evidence of: what is not.*

VI. There being no vaild existing judgment when the execution was issued, it was void. *Campbell v. Williams et al.*, 39 Iowa, 646. See *Armel v. Lendrum*, 47 Id., 535. It follows that the levy of the execution conferred no right upon the sheriff to hold the property.

*7. EXECUTION: upon void judgment: void.*

VII. The circuit court found specially that the property was purchased by the plaintiff while he was a minor, and

**8. REPLEVIN : of property from sheriff : facts entitling plaintiff to recovery.** kept on the farm of his father, the defendant in execution, and that, after plaintiff reached his majority, there was no change in the possession. It seems that, on account of the possession of the property by the father, the court below held that it was subject to the execution. This finding of the court shows the right to the possession of the property in plaintiff, when it is determined that the execution is void, and the defendants cannot hold the property under it. The court found that plaintiff owned the property, yet held that, for the reason just stated, it was subject to the execution. Upon defendants' claim to the right of possession of the property being overthrown by the determination that the execution is void, plaintiff is entitled to a judgment for the property. The circuit court should have held the execution void, and, upon the facts specially found, it should have adjudged that plaintiff was entitled to the possession of the property.

Other questions discussed by counsel need not be considered. The questions ruled by us are decisive of the case.

REVERSED.