60    419
£92   5377

## Hugh Hughes v. Willis Melville et al.

1. Justices of the Peace—*Holding Court Outside of His District.*— A justice of the peace ought not to hold court outside of the district for which he is appointed.

2. Judgments—*A Nullity When Void.*—A void judgment is a nullity and confers neither right nor authority upon any one.

3. Same—*Sales Under—When Void.*—A sale under a void judgment confers no title, even to a purchaser without notice.

4. Execution Sales—*Exempt Property Under Void Judgments— Remedy at Law.*—Where property exempt from levy and sale is seized upon execution, or when one's possessions are seized under process issued upon a void judgment, a court of law affords an ample remedy.

5. Exemptions—*Judgments for Wages.*—A finding in a judgment

that the debt is for " work and labor," is not a compliance with the statute providing that no personal property shall be exempt from levy of attachment or execution, when the debt or judgment is for the wages of any laborer or servant, and requiring the court rendering the judgment to find that the demand is for wages due the person suing as a laborer or servant, and express the same in the record of the judgment.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS WINDES, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

## STATEMENT OF THE CASE.

This is an appeal by the complainant, appellant, from the decree of the Circuit Court dissolving the writ of injunction and dismissing the bill for want of equity on the face of the bill, on motion of the defendants, appellees.

The bill was for an injunction to restrain the appellees from levying an execution issued on an alleged judgment entered by Willis Melville, a justice of the peace of the town of Proviso, and whose office as such justice of the peace was and is in the village of Grossdale in said town of Proviso, against the the appellant and in favor of William Hughes, one of the appellees. The bill alleges that Melville is also a practicing attorney, with his office in the Staats Zeitung building, in the South Town of Chicago, and that there in his law office, in said South Town of Chicago, he heard the evidence and tried the case.

The bill also alleges that the appellant was present, not for the purpose of trying said cause, but for the sole and only purpose of informing the justice of the peace that appellant's wife, who was also a party defendant before the justice of the peace, was not at all liable or in any way interested in the case; that he, appellant, did not have an attorney, did not know his legal rights, was not sworn, and was present for the sole and only purpose of advising the justice of the peace that appellant's wife was not liable. The bill sets forth that appellant has no property save such as is clearly exempt by law, and that the justice of the peace, in violation of appellant's rights and without hearing

any evidence as to the consideration resulting in the alleged judgment, and for the purpose of depriving him of his rights to claim his exemptions, willfully entered up the judgment as for work and labor, and that the constable, McGinnis, the plaintiff, and his attorney, David K. Tone, claim that in consequence of the form of the judgment, appellant has no exemptions; that execution has been issued and that he had no notice thereof; that there was no demand on him to pay until he learned the constable had a custodian in his house and was in possession of his furniture and effects.

H. C. Bennett and W. A. Phelps, attorneys for appellant.

Ives & Tone, attorneys for appellees, contended that where a court has jurisdiction of the subject-matter of a cause of action, jurisdiction of the person may be conferred by consent, and errors and irregularities in the mode of procedure may also be waived by consent of parties, or by failing to object at the proper time.   Robinson v. Moore, 25 Ill. 118; Price v. Peters, 15 Abb. Pr. 197; Rogers v. Loop, 51 Ia. 41; Allen v. Belcher, 3 Gil. 594; Birks v. Houston, 63 Ill. 77; Randolph County v. Ralls, 18 Ill. 29.

Where a party seeks relief in a court of equity against a judgment at law, it is not enough to show merely that the court of law was without jurisdiction, but it must further appear that the judgment is inequitable and unjust.   Colson v. Leitch, 110 Ill. 504; Peoria D. & E. Ry. Co. v. Dugan, 32 Ill. App. 351; Blackburn v. Bell, 91 Ill. 434; Lemon v. Sweeney, 6 Ill. App. 507; Burch v. West, 134 Ill. 258; Hier v. Kaufman, 134 Ill. 215; Henkleman v. Peterson, 40 Ill. App. 540; Combs v. Hamlin Wizard Oil Co., 58 Ill. App. 123; City of Virginia v. Dunaway, 17 Ill. App. 68; Stokes v. Knarr, 11 Wis. 389.

Mr. Justice Waterman delivered the opinion of the Court.

A justice of the peace ought not to hold court outside the district for which he is appointed.   The intent of the

statute is to provide numerous minor courts, sitting each within the precinct for which it exists, that the people may not have far to go to find such tribunal.

If the action of the justice of the peace set forth in this record was such that the judgment by him attempted to be entered is void, then appellant need pay no attention thereto. A void judgment is a nullity; confers neither right nor authority upon any one. No officer having knowledge that a judgment is void ought to make a levy thereunder, and if under such circumstances he does, he will be liable. Murfree on Sheriffs, Secs. 104 and 105.

Upon principle it would seem that a sale under a void judgment would confer no title, even to a purchaser without notice; one having notice can not acquire title under a void judgment. Goudy v. Hall, 30 Ill. 109; Herman on Executions, Sec. 255.

Where property exempt from levy is seized upon execution, or when one's possessions are seized under process issued upon a void judgment, a court of law affords ample remedy.

It is not alleged that appellant does not owe the debt for which this "judgment" was entered, but it is asserted that appellant has met with reverses and that the only property he owns is the household furniture and effects located in the flat which he occupies as a residence, and known as the first flat of 125 South California avenue, in the city of Chicago; and that to permit said execution to be levied and his goods carried away will not only ruin him, but will turn his wife and two minor children into the street; that the plaintiff who has the judgment, his attorney, and the constable who has the execution, claim that the judgment being for labor, he, appellant, is entitled under the statute to no exemptions therefrom.

Section four of the statute, an act concerning exemptions, in force July 1, 1877, is as follows:

"No personal property shall be exempted from levy of attachment or execution when the debt or judgment is for the wages of any laborer or servant; provided, the court rendering judgment shall find that the demand so sued for

is for wages due such person as laborer or servant; which finding shall be expressed in the record of said judgment and indorsed upon the execution when issued."

Under this enactment, from a judgment for the wages of any servant or laborer, when the finding that the demand sued for is for wages due the person suing is expressed in the record of such judgment and indorsed upon the execution issued thereon, all of the house goods and stores of a debtor may be seized and carried away for an obligation which he who owes it may not only be unable to pay, but his inability may have been caused by sickness or other circumstances over which he had no control.

It is perhaps fortunate for complainant that the judgment in this case did not contain the recital provided for in the statute; to enter up that a judgment is for "work and labor" is not, as provided in the statute, to express in the record that the demand "sued for is for wages due such person as laborer or servant."

From the operation of a judgment not strictly following the provisions of section 16, the property described in appellant's bill may be claimed as exempt to the extent of four hundred dollars in value.

Appellant appearing to have an adequate remedy at law, the decree of the Circuit Court is affirmed.