### People, etc., use of, etc., v. William Haag et al.

1. JUDGMENTS—*Form of, Where the Debt is for Wages—Exemptions.* —Where a judgment is for the wages of a laborer or servant a statement in the record that such judgment is for "work and labor" is not sufficient under the statute providing that no personal property shall be exempted from levy of attachment or execution when the judgment is for the wages of any laborer or servant.

Debt, on a constable's bond. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed December 18, 1900.

JARVIS A. BLUME, attorney for plaintiff in error.

No appearance by defendants in error.

MR. JUSTICE HORTON delivered the opinion of the court. There is no appearance by the defendants in error in this

court. A judgment was obtained in a justice of the peace court against the usee, Carl Strum. Upon that judgment an execution was issued and placed in the hands of defendant in error William Haag, who was a constable and who levied upon property of the usee which was exempt, unless made liable to levy under the provisions of the statute quoted below. This suit was brought before a justice of the peace against the constable and the sureties upon his official bond under Sec. 17, Ch. 52, Hurd's Statute of Ill., to recover for double the value of the property levied upon and taken by the constable upon said execution. A judgment was recovered by the usee for $60, before the justice of the peace. From that judgment an appeal was taken to the Circuit Court by the defendants in error. Upon the trial in that court the jury was instructed to return a verdict in favor of defendants in error, which was done, and a judgment entered against plaintiff in error for costs. To reverse that judgment the case is brought to this court.

Sec. 15, Ch. 52, Hurd's Stat., is as follows, viz.:

"No personal property shall be excepted from levy of attachment or execution when the debt or judgment is for the wages of any laborer or servant; provided, the court rendering judgment shall find that the demand so sued for is for wages due such person as laborer or servant; which finding shall be expressed in the record of said judgment and indorsed upon the execution when issued."

The finding of the justice of the peace expressed in the record of the judgment against the usee is "that the plaintiff have and recover of the defendants judgment for work and labor for the sum of" $19.90. In the body of the execution issued upon that judgment, but not indorsed thereon, that being the execution levied, as aforesaid, upon the property of the usee, the judgment is mentioned as a "judgment for work and labor." Neither in the record of said judgment nor in, nor indorsed upon said execution, is there any other or further statement or reference to said judgment being for work or labor. That is not sufficient to justify the levy upon property otherwise exempt.

The precise question here presented was before the Ap-

pellate Court of this district in Hughes v. Melville, reported in 60 Ill. App. 419. In that case the court says (p. 423): "To enter up that a judgment is for 'work and labor' is not, as provided by the statute, to express in the record that the demand sued for is for wages, due such person as laborer or servant." The same may be said as to the statement in the execution.

That opinion, in which we fully concur, is conclusive in the case at bar. The statute is in the interest of the servant and laborer. For aught that appears in this record, the claim against the usee may have been for work or labor furnished by a manufacturer or contractor.

The judgment of the Circuit Court will be reversed, and the cause remanded.