## John Schmieg, Appellee, v. John M. Burkhardt, Sheriff of Monroe County, Illinois, Appellant.

1. REPLEVIN, § 10*—*when action lies for property held by sheriff under execution.* Replevin to recover property from the sheriff who held it under execution was proper where the judgment, and consequently the execution, was void.

2. REPLEVIN, § 10*—*when statutes construed so as to permit action for property held by sheriff under execution.* Hurd's Rev. St. ch. 119, sec. 2 (J. & A. ¶ 9187), providing that replevin shall not lie by the defendants in any execution or attachment to recover property seized by virtue thereof unless exempt, etc., and section 4 (J. & A. ¶ 9189), providing for the filing of an affidavit stating that the property sought to be replevied is not seized under execution, etc., nor held by virtue of any writ of replevin, were so construed to permit the maintaining of replevin to recover property from the sheriff who held it under execution, where the judgment, and consequently the execution, was void.

3. JUDGMENT, § 43*—*how statute authorizing clerk to enter judgment by confession is to be construed.* The clerk of the court in entering a judgment by confession is not a judicial officer, and his duties are merely ministerial, and to render a judgment so entered valid, the statute authorizing the clerk to enter it must be strictly construed.

4. JUDGMENT, § 40*—*when judgment by confession not regarded as entered in vacation.* Where the record disclosed that the court was in session on the first day of a new term, a judgment by confession entered by the clerk on that day was not considered as having been entered in vacation, although it was claimed, apparently outside the record, that the judgment was entered before the morning hour of convening.

Appeal from the Circuit Court of Monroe county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed November 7, 1919.

J. FRED GILSTER, for appellant.

JOSEPH W. RICKERT and A. C. BOLLINGER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BOGGS delivered the opinion of the court.

The September term of the Circuit Court of Monroe county convened at 9:30 on the 29th day of September, 1914, and continued in session from day to day until October 1, 1914. On said 29th day of September, 1914, a purported judgment by confession was entered by the clerk of said court against appellee for $558.51 in favor of Herschback Brothers. An execution was issued on said purported judgment to which said execution appellee filed his schedule. An appraisement of the scheduled property was then made and appellee made his selection. Appellant, sheriff, then levied upon 60 acres of growing wheat, excepting therefrom 17 acres selected by appellee as his personal exemption. Appellee then filed notice with appellant that he desired a trial of the rights of property in all of the 60 acres of wheat as provided by chapter 140a of the statutes of Illinois (J. & A. ¶ 6814 et seq.). A trial had in the County Court resulted in a finding "that the property in question is lawfully the property of appellee," and the court ordered the sheriff to release said levy and restore the property to appellee. Notwithstanding the order of the court the sheriff advertised the wheat, except the 17 acres, for sale under execution and continued the sale from time to time until said wheat was ready to cut, when this replevin suit was started.

The declaration is in the ordinary form and charges the taking of the property by the sheriff. Appellant filed a motion to quash the writ of replevin, on the ground that the action was brought by the defendant in the execution against the sheriff who held it and was therefore contrary to section 2, ch. 119, of Hurd's Rev. St. (J. & A. ¶ 9187). Said motion was denied and thereupon appellant filed four pleas to the declaration, the first two pleas denying the wrongful taking

and the last two justifying. The fourth plea was subsequently withdrawn. A trial had before the court resulted in a finding and judgment for appellee. To reverse said judgment this appeal is prosecuted.

One of the questions involved in this case, and really the principal one, is as to whether an action of replevin will lie to recover property from a sheriff who holds the same under execution, even though the execution may be void. The affidavit filed in the replevin suit set up among other things that the property sought to be replevined was not held under any execution. It is the contention of appellee that notwithstanding the averment of the affidavit to the effect that the property in question was not held under execution that the record discloses that the judgment on which the execution was based is void and that the execution is void, and therefore in law is no execution at all. While the sheriff contends that the question whether or not the judgment and execution are valid or void cannot be inquired into in a proceeding of this character. In other words, it is contended section 2, ch. 119, of Hurd's Rev. St. (J. & A. ¶ 9187), to the effect that no action of replevin shall lie at the suit of the defendant in any execution or attachment, to recover goods or chattels seized by virtue thereof, unless such goods and chattels are exempt, by law, from such execution or attachment; nor shall an action of replevin lie for such goods and chattels at the suit of any other person, unless he shall, at the time, have a right to reduce into his possession the goods taken. And section 4 of said Act (J. & A. ¶ 9189), to the effect that the person bringing such action shall, before the writ issues, file with the clerk of the court in which the action is brought, or with the justice of the peace before whom the suit is commenced, an affidavit stating, among other things, that the property sought to be replevined is not "seized under any execution or attachment against the goods and chattels of such plaintiff

liable to execution or attachment, nor held by virtue of any writ of replevin against such plaintiff," should be construed as including any execution without reference to its validity.

An examination of the authorities convinces us that the construction placed upon said statute by appellee is the correct construction in a proceeding of this character. *Gardner v. Bunn*, 132 Ill. 403; *Hughes v. Melville*, 60 Ill. App. 419; *Desnoyers Shoe Co. v. First Nat. Bank of Litchfield*, 89 Ill. App. 579. The next question presented by the record is as to whether the purported judgment by confession entered by the clerk and the execution issued thereon, being the execution under which the sheriff claims possession of the property, are void. It has been frequently held by the Supreme and Appellate Courts of this State that the clerk of the court in entering a judgment by confession is not a judicial officer and that his duties are merely ministerial, and that in order that the judgment so entered by the clerk shall be valid the provisions of the statute authorizing the clerk to so enter such judgment must be strictly construed. One of the provisions of this statute is that the clerk can only enter a judgment by confession in vacation, and that if a term of court is in session his power to enter a judgment is at an end. *Gardner v. Bunn, supra; Anderson v. Field*, 6 Ill. App. 307; *Campbell v. McCahan*, 41 Ill. 45; *Little v. Dyer*, 138 Ill. 272; *Hughes v. Melville*, 60 Ill. App. 419.

In *Gardner v. Bunn, supra*, at page 408, the Supreme Court in discussing this question says: "The confession of judgment in vacation is a statutory proceeding in derogation of the common law, and a judgment of that character will not be valid unless there is a strict compliance with the law under which it may be authorized. * * * Was there such compliance here? If the attorney who confessed the judgment was not duly authorized, he had no power to act, and

his acts would be a nullity. A power of attorney was filed with the clerk, but no evidence was filed that Turner & Son had ever executed that instrument. In the absence of such evidence there was no authority to enter the judgment. No jurisdiction was acquired over the persons of Turner & Son—an indispensable prerequisite to the rendition of a judgment." Further quoting from page 409 of said opinion it is said: "From the cases cited, the only fair conclusion to be drawn would seem to be that a clerk, in vacation, has no power to enter a judgment by confession without proof of the execution of the power of attorney. A judgment cannot be entered unless jurisdiction is first acquired of the person of the defendant."

In *Anderson v. Field, supra,* 314, the court says: "It appearing, then, that the judgment in question was not entered in open court, we know of no principle upon which it can be sustained. Judgments by confession can be entered before the clerk only in vacation, but during term time they must be entered in open court. The cause must be brought before the judge in person and passed upon by him. The clerk cannot act for him. The entry of the judgment is a judicial act, which the judge of the court alone can perform. * * * In this case, the record which purports to be a judgment of the court is shown to be merely the unauthorized act of the clerk, and has no force or validity as a judgment, and is merely void."

In *Hughes v. Melville, supra,* at page 422, the court says: "If the action of the justice of the peace set forth in this record was such that the judgment by him attempted to be entered as void, then appellant need pay no attention thereto. A void judgment is a nullity; confers neither right nor authority upon any one. No officer having knowledge that a judgment is void ought to make a levy thereunder, and if under such circumstances he does, he will be liable. Murphy on Sheriffs, secs. 104 and 105."

In *White v. Jones,* 38 Ill. 164, the court in discussing the question of the validity of judgment says: ''The judgment was void, and all subsequent proceedings under it were invalid and conferred no rights upon the plaintiff in that judgment. The execution, consequently, created no lien upon the goods.''

Appellant insists that replevin is not the proper way to raise the question of the validity of the judgment and execution in this case. We think, however, inasmuch as the judgment and execution are void, that appellee as the owner of the property sought to be held under a void execution has the right in an action of replevin to regain possession thereof, and we think that this holding is supported by the authorities.

In *Colwell v. Swick,* 190 Ill. App. 369, the Appellate Court of the Third District had a case similar to this and held that an action in replevin would lie, and in discussing this question at page 372 the court says: ''The question of whether property attempted to be levied on under a void execution, or an execution issued on a void judgment, can be replevied by the owner of the property, who is the judgment debtor in the void judgment and execution, has never, that we can find, been squarely decided in this State. The question decided in the *Heagle* case, *supra* [64 Ill. 423], however, has some analogy to this case. At common law it was contempt of the court issuing an execution, for the judgment debtor to replevy property taken under it. The general rule is well settled that neither the defendant in execution nor any one claiming under him can maintain replevin against an officer levying an execution, for the reason the property is in the custody of the law. Freeman on Executions, sec. 268; 34 Cyc. 1368. The rule is also announced by the courts of some States that where the judgment on which an execution issued is void, the defendant may maintain replevin for goods seized thereunder against the officer making the levy; and this is so, although the

execution is regular on its face.   34 Cyc. 1369; *Adams v. Hubbard,* 30 Mich. 103; *Balm v. Nunn,* 63 Iowa 641; *Karr v. Stahl,* 75 Kan. 387; *Iron Cliffs Co. v. Lahais,* 52 Mich. 394; *Breckenridge v. Johnson,* 57 Miss. 371; *Muller v. Plue,* 45 Neb. 701; *George v. Chambers,* 11 M. & W. 149 (Eng.).

" 'A void judgment is in legal effect no judgment. From it no rights can be obtained, being worthless in itself all proceedings founded on it are equally worthless.   It neither binds nor bars any one.   All acts performed under it, and all claims flowing out of it are void.'   Freeman on Executions, sec. 20; *Campbell v. McCahan,* 41 Ill. 45.

"We are of the opinion that a writ in the form of an execution, which is void for the reason the supposed judgment on which it is issued is void, is not an execution, and that the party named therein may replevy property attempted to be taken under such void writ."

It is also insisted by appellant that appellee, by reason of the fact he filed a schedule to the execution issued on said judgment and also had had a trial of the rights of property levied on in the County Court, that he is estopped from denying the validity of the judgment.   As we understand, so far as the trial of the rights of property in the County Court were concerned he would be estopped in that suit from raising the question of the validity of the judgment and execution. However, that suit was determined in his favor.

Appellant, sheriff, is seeking to sell the property of appellee under such void execution, and we do not believe that appellee is estopped from raising the question of the validity of the execution and hold that he may do so and in this proceeding.

It is also insisted by appellant that the court should presume that the clerk entered the judgment in question on the 29th day of September, 1914, before 9:30 o'clock on the morning of that day, being the time at which the term of court convened.   There is nothing

in the record to show that such was the case, and we are not inclined to hold that where the record discloses that the court was in session on a certain day that any vacation of the court existed on that day, giving the right to the clerk to enter a judgment.

We are of the opinion that the judgment entered by the lower court was in compliance with the law and the facts in this case and the same is therefore affirmed.

*Judgment affirmed.*