**Joseph McATEER, Appellant**
**(Plaintiff below)**

v.

**Max Glenn STEWART, Appellee**
**(Defendant below).**

No. 84–120.

Supreme Court of Wyoming.

March 1, 1985.

Michael J. Sullivan and Mark W. Gifford of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant.

James Owens, Casper, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

The issue in this appeal is whether an order that has not been reduced to writing or memorialized in any way takes precedence over a subsequent written order in the same case which has been properly recorded. The trial court held that the oral order controlled. We will reverse and remand.

A lawsuit captioned Joseph McAteer v. Max Glenn Stewart, arising out of an automobile accident in 1977, was filed February 13, 1981. Stewart, appellee here, filed a motion dated March 7, 1982, to dismiss for lack of prosecution according to Rule 14 of the Uniform Rules for Wyoming District Courts.[1] After a hearing, Judge Forrister orally granted the motion to dismiss "with prejudice." However, no written order or documentation of Judge Forrister's oral determination was executed or filed of record.[2]

On March 9, 1983, Judge Spangler, administering the court's civil docket, by written order dismissed the case without prejudice, for lack of prosecution. Rule 41(b)(2), Wyoming Rules of Civil Procedure. On October 26, 1983, appellant McAteer, filed a motion to vacate Judge Spangler's March 9, 1983, order of dismissal. The judge denied the motion by order dated December 13, 1983.

On January 20, 1984, a new action was filed, the case presently before us.[3] Stewart filed a motion to dismiss the second action contending that Judge Forrister's previous oral dismissal of the first action "with prejudice" precluded McAteer from refiling the second action.

Judge Forrister dismissed the second action on April 18, 1984, holding in effect that the oral dismissal "with prejudice" took precedence over the subsequent written order of dismissal—without prejudice, thereby precluding a filing of the second motion.

---

1. Now Rule 203(c), Uniform Rules for the District Courts of the State of Wyoming:

 "(c) Cases on the docket in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution."

2. Stewart's attorney made considerable effort to get McAteer's attorney to approve, as to form, an order reflecting Judge Forrister's decision.

3. McAteer attempted to breath life into his cause of action by virtue of § 1-3-118, W.S. 1977, which provides:

 "If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant."

In this case, we deal with a problem that resulted from two orders in the same case that are inconsistent or conflicting. The first order was rendered orally but was not memorialized by a docket entry, formal order or any writing, and its date is uncertain. The second order was written, dated, signed by the judge and entered in the court file. Both orders pertain to the same case, and were regularly rendered by different judges of the same court, both having jurisdiction.[4]

In proceedings before a trial court, judgments and orders are ordinarily reduced to writing and entered into the court file or record. Rarely do judgments or orders reside only in the memory of the judge.

Our Rules of Civil Procedure and other legal rules that we live by clearly contemplate that a judgment or order be in writing and entered in the case file. Rule 54(a), W.R.C.P., provides:

*"Definition; form.*—A judgment is the final determination of the rights of the parties in action. 'Judgment' as used in these rules includes a decree. A judgment need not contain a recital of pleadings, the report of a master, or the records of prior proceedings. A direction of a court or judge, made or entered in writing, and not included in a judgment, is an order."

Rule 58, W.R.C.P., provides:

"(a) *Form and Entry.*—In all cases, the judge shall promptly settle or approve the form of the judgment or order and direct that it be entered by the clerk. All judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action.

"(b) *Time of Entry.*—A judgment or final order in any case shall be deemed to be entered whenever a form of such judgment or final order, signed by the trial judge, is filed in the office of the clerk of the court in which the case is pending. If no such form of judgment or final order is signed by such trial judge in any case, then the actual entry of the judgment or final order on the journal of the proper court shall govern."

■ While Rules 54(a) and 58 seem to contemplate a written judgment or order, they do not mandate written judgments or orders for all purposes. Rule 58 deals with the time of entry of a judgment for purposes of appeal.

Appellee cites authority for a rule that a judgment of the court is what the court pronounces, and it is rendered whenever the trial court orally announces its decision in open court. The rule suggested by appellee does not solve the problem here, or other practical situations.[5] *United States v. Hunt,* 513 F.2d 129 (10th Cir.1975); *In re Forstner Chain Corporation,* 177 F.2d 572 (1st Cir.1949); *Southwestern Bell Telephone Company v. Griffith,* Tex.Civ.App., 575 S.W.2d 92 (1978).

"The rendition of a judgment is the judicial act of the court, whereas the entry of a judgment by the clerk on the records of the court is a ministerial, and not a judicial, act. Hence, the rendition of a judgment is usually distinguished from its filing or entry in the records, which should not be confused with the judgment itself. The judgment itself is not that which may be entered or recorded, but that which is considered and delivered by the court." 46 Am.Jur.2d, Judgments, § 154, pp. 414–415 (1969).

"In harmony with the distinction between the rendition of a judgment and its entry, it has been adjudged that as soon as a judgment is rendered, the rights of the parties become established, and as between the litigants, it is not necessary that it be entered of record or docketed.

---

**4.** In our discussion of the issue here, we make no distinction between orders and judgments. Any subtle difference is not important in this case.

**5.** The rule cited by appellee would not be practical if an attempt were made to execute on an oral judgment or file it in another court or another state. Likewise, we do not see how an oral judgment or order could ever be a lien on property.

* * * " 46 Am.Jur.2d, Judgments, § 158, p. 417 (1969).

Appellant, on the other hand, contends that there can be no judgment until it is entered in the proper record of the court, and that it cannot exist in the memory of officers of the court. In support of this contention, he cites *State v. Scott*, 35 Wyo. 108, 247 P. 699 (1925), which case cited a 104-year-old Iowa case, *Balm v. Nunn*, 63 Iowa 641, 19 N.W. 810 (1881).

Counsel have not cited any case or other authority that addresses the precise question before us, nor has our research found any. In *Jackson v. State*, Wyo., 547 P.2d 1203 (1976), appellant filed a notice of appeal following the court's oral pronouncement of the judgment. The issue on appeal was whether the judge's oral decision from the bench constituted a final order from which an appeal could be taken. This court held that appellant's notice of appeal was premature and ineffective because it had been filed prior to the official entry of the judgment. We stated that only the official entry of judgment on the court's record pursuant to Rule 58, W.R.C.P., triggered the 30-day time period within which to appeal the case. *Jackson v. State*, supra.[6] The holding in *Jackson v. State* is not dispositive of the case before us, however. That case dealt only with the incident which triggered the time period within which to appeal.

In *Lane v. State*, Wyo., 663 P.2d 175 (1983), the judgment and sentence pronounced from the bench and the mittimus provided that such sentence run consecutively with an anticipated federal sentence. However, the written judgment and sentence made no mention of the fact that the sentence was to be served consecutively with a federal sentence. We held in Lane that the judgment and sentence pronounced from the bench controlled and that there was an oversight and omission in the written judgment and sentence. We further held that a nunc pro tunc judgment and sentence was properly entered to correct the oversight and omission.

*Lane v. State*, supra, is distinguishable from the case before us. In Lane the transcript of the oral judgment and sentence and the mittimus were unambiguous and plain. The error in the written judgment and sentence was the result of an oversight and omission. In the case here there was no transcript of the oral order; neither was there an oversight or omission. The orders in the case here are entirely different and were entered independently of each other.

■ A general rule that permits an order to reside only in the memory of the judge to take precedence over a later order, regularly rendered and entered, would lend itself to uncertainty and have the potential for mischief. We hold that under the circumstances of this case, an order regularly rendered, signed and recorded takes precedence over a prior oral order not entered in the court files or records.[7]

Reversed and remanded to the district court for further proceedings not inconsistent with this opinion.

---

6. Since *Jackson v. State*, the Wyoming Rules of Appellate Procedure have been adopted (effective August 1, 1978). Rule 2.01, W.R.A.P., provides in part, "a notice of appeal, in a civil or criminal case, filed prematurely shall be treated as filed on the same day as the entry of judgment or final order."

7. It is noted that the order of Judge Spangler dated March 9, 1983, was never vacated, nor was the prior oral order of Judge Forrister ever entered nunc pro tunc. We need not consider what the result might have been had Judge Spangler's order been vacated and/or Judge Forrister entered a nunc pro tunc order.