WALROD vs. MANSON and another.

23    393
97    223

*Statute of Limitations.—Note, with warrant of attorney under seal.*

1. The period of limitation to an action upon a promissory note is not extended by giving with the note a warrant of attorney under seal.
2. Such a warrant confers no authority to enter judgment upon the note, after the latter is barred; and a judgment so entered should be set aside.

APPEAL from the Circuit Court for *Marathon* County.

Action on a note, which, with a warrant of attorney in the usual form and under seal, was executed by the defendants February 12, 1856, and made payable September 1, 1858. In April, 1867, judgment was entered in the circuit court for the amount due on the note at that date; and at the following March term, *Manson* moved, upon grounds stated in the opinion, that the judgment as to him be set aside. Motion allowed, and appeal by the plaintiff.

*W. C. Silverthorn* (with *A. B. Braley*, of counsel), for appellant.

*S. U. Pinney*, as counsel for respondent, upon the statute of limitations cited *Howell v. Howell*, 15 Wis. 55; *Allen v. Smillie*, 1 Abb. 354; *Clark v. Hopkins*, 7 Johns. 556.

PAINE, J. The position of the appellant's counsel, that a warrant of attorney under seal, given with a promissory note, makes the period of limitation to an action upon the latter the same as that upon sealed instruments, cannot be sustained. It is well settled that a mortgage given with a note does not extend the statute of limitations as to the note; and the same argument is applicable to both cases. It is certainly quite as strong in the case of the mortgage, as of the warrant of attorney.

This being so, the question is, whether, after the note is barred by the statute, a judgment can properly be entered upon it, under the authority conferred by the warrant? I do not

think it can be; and in coming to this conclusion, I adopt the reasoning of the appellant's counsel, in contending that the note itself was not barred. Starting with the proposition that the warrant, being under seal, would not be barred before twenty years, he says: "Now, what is the warrant good for without the note. Nothing. It is worthless. If the one is dead the other is also, because they are not independent instruments. Any thing which avoids the note must necessarily destroy the warrant. If the statute bars the one, it must, of course, extinguish the other," etc. It is evident, therefore, according to this reasoning, that if we reject the counsel's conclusion, that the note itself was not barred, that disposes of the other question, and, to use his language, by "barring the note" "extinguishes" the warrant.

I think there is a fallacy in the question put by counsel: "How long is it before the warrant itself becomes barred by the statute?" This assumes that the warrant itself constitutes a cause of action, which is not the case. It is a mere authority given for the purpose of furnishing a remedy upon the cause of action created by the note. It relates wholly to the remedy on the note, and of necessity, when that remedy is barred, the authority of the warrant falls with it. It is incapable, from its very nature, of any enforcement as a separate instrument, in which respect it differs from a mortgage. The latter instrument has a distinct office and function to perform. It creates a lien upon the property mortgaged, and an equitable right of action for a foreclosure. And the courts of equity have held that this may be enforced after the note given with the mortgage is barred by the statute. But that is because the mortgage does not relate wholly to the legal remedy upon the note, like a warrant of attorney, but itself creates a distinct right capable of enforcement. See Angell on Limitations, §§ 73, 91; *Clarke v. Figes*, 3 E. C. L. 330.

It is not reasonable to suppose that the party executing a

warrant of attorney with a note intends to confer any authority by it beyond the life of the note. After that time no legal remedy can be had upon it, unless the maker waives the benefit of the statute. And the warrant does not purport to give authority to waive that benefit for him. It can be fairly construed only as an incident to the legal remedy upon the note during its life; and when that remedy is destroyed the incident perishes also. If after that the holder of the note desires to try the experiment whether the maker will waive the benefit of the statute, he should bring a suit so as to give him an opportunity.

I think, therefore, the judgment was improvidently entered, and that the court was right in setting it aside. It was entered without authority, as appeared on the face of the record. To say that in such case the party applying must show merits, would be to deny him the benefit of the statute altogether. He may have no other defense. And yet, if judgment may be entered against him under the authority of a stale and extinguished warrant, to which he has no opportunity to answer, he would be cut off entirely from the benefit of the statute.

The objection here is a total want of authority to enter the judgment. If it properly comes under the head of irregularity, it is too late to take in this court the objection that the irregularity complained of was not specified in the motion. Had it been taken in the court below, it could, if necessary, have been obviated. But as the motion was submitted and heard upon its merits there, it must be so here.

*By the Court.* — The order is affirmed, with costs.