## S. I. Davis

### v.

## John Mann and Henry Mann.

*Negotiable Instruments — Note — Limitations — Payments — Practice—Principal and Surety.*

1. A new trial should not be granted upon the ground of newly discovered evidence, the same being merely cumulative in character.

2. A promise by a surety on a note to pay the same in whole or in part must be in writing in order to take it out of the statute of limitations.

3. If part payment is relied upon it only operates as to the one making or contributing thereto.

[Opinion filed June 21, 1892.]

Appeal from the Circuit Court of Perry County; the Hon. Benjamin W. Pope, Judge, presiding.

Mr. S. H. REID, for appellant.

Messrs. FOUNTAIN & SPILMAN, for appellees.

SAMPLE, J.   This suit was brought by the appellant on a note given by Henry Mann, as principal, and John Mann, as surety, of date April 14, 1875, for the sum of $200, due six months after date.   Henry Mann was defaulted.   John Mann, the surety, pleaded the statute of limitations.   Issue was joined on this plea and trial had before a jury, who, after the evidence was all heard, were instructed to find for the defendant. It is of this instruction and the verdict thereunder of which the appellant complains.

The evidence, in brief, was to the effect that the principal on the note, Henry Mann, had made two payments thereon, which, as to him, took the note out of the statute of limitations; that John Mann, the surety, had neither made, induced nor contributed to either payment, and neither had he made any promise in writing to pay the note or any part thereof.   If a promise is relied upon to take the note out of the statute of limitations, under our statute, it must be in writing.

There was not a scintilla of evidence to show such a promise.   If payment is relied upon, then it only operates as to the one making or contributing to the payment.   This question has been exhaustively considered in the case of Kallenbach v. Dickinson, 100 Ill. 427, which, in its facts, is on " all fours " with the one now in hand.   The court did not commit error by instructing the jury to find for the defendant, as there was no evidence upon which a verdict for the plaintiff could have been sustained.   There was no error in refusing to grant a new trial on the strength of the newly discovered evidence. It would only have been cumulative in its effect and for the reasons above stated, therefore could not have changed the result.   The judgment is affirmed.

*Judgment affirmed.*