## Simmons v. Nelson.

1. *Statute of Limitations—Burden of Proof—Instructions.*—Where, to a declaration on a promissory note, the defendant pleaded the statute of limitation, and the plaintiff replied that a payment had been made within the statutory period, an instruction which advises the jury that the burden of proof upon the issue made by a plea of the statute of limitations is upon the defendant, to show that the suit was not commenced within ten years after the action occurred, is erroneous. By the state of the pleadings, the plaintiff, by his replication, admits that the action was barred, unless saved by reason of the payment which he maintained the defendant had made upon the note.

2. *Instructions—Error Will Not Always Reverse—Special Findings.—* In an action on a promissory note, the defendant pleaded the statute of limitations, and the plaintiff replied—A payment, etc. *Held,* that under the state of the pleadings, it was error to instruct the jury that the burden of proof was upon the defendant, under his plea to show that the suit was not commenced within the statutory period; but as the instruction only placed upon the defendant the burden of proving a matter already admitted by the pleading, it could not have operated to his prejudice, and, hence, not reversible error.

3. *Instructions—Refusal—Repetition.—*The erroneous refusal of the court to instruct the jury that an indorsement of a credit upon a promissory note was not evidence that a payment had been made, is cured by other instructions, explicitly telling the jury that they must find for the party insisting that the payment had been made, unless they believed from a preponderance of the evidence that it had not been made as claimed.

4. *Special Finding—Effect in Determining Influence of Erroneous Instructions.—*In determining the effect of an instruction, which erroneously shifts the burden of proof in a suit at law, recourse may be had to special findings. So where, in an action of assumpsit, the defendant pleaded the statute of limitations, and the plaintiff replied a payment, the court erroneously instructed the jury that the burden of showing that the action did not accrue within the statutory period (a matter admitted by the replication) was upon the defendant. The jury found specially in answer to an interrogatory propounded by the defendant himself, that he suit was not brought within the statutory period. *It was held,* that by such a finding it is absolutely known, the imposition of the burden of proof improperly upon the defendant by the instruction did not prevent him from prevailing upon that issue.

5. *Special Findings—Erroneous Instructions.—*Where it appears from the answers to special interrogatories that an instruction, erroneously given, has in no wise prejudiced the party complaining, the judgment will not be reversed.

6. *Promissory Notes—Indorsements—Statute of Limitations—Evidence.—*An indorsement upon a promissory note, standing alone, can not be considered as evidence, where the holder of the note is endeavoring to establish a credit for the purpose of avoiding the effect of the statute of limitations.

Memorandum.—Action on promissory notes. Appeal from a judgment for plaintiff, rendered by the Circuit Court of Hancock County; the Hon. CHAS. J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed December 2, 1892.

### APPELLEE'S STATEMENT OF THE CASE.

Enos Nelson sued James E. Simmons and John H. Parker, to recover the amount due him on a promissory note.

*Copy of note:*

" $576.68.                                    September 9, 1880.

One day after date I promise to pay to the order of Enos Nelson, five hundred seventy-six and 68-100 dollars, at Blandinsville, Illinois, value received, with interest at 8 per cent. per annum.

[Signed]    JAMES E. SIMMONS,
JOHN H. PARKER."

And on the back of which note was the following indorsement:

"Received $45 on the within note, May 12, 1886."

The declaration contained a special count on the note, and the common counts. The suit was brought to the March term, 1891, of the Circuit Court. At the March term, 1891, defendants pleaded the general issue and the statute of limitations. At the June term of the court, the appellant, James E. Simmons, obtained leave of the court to file a plea of usury; the cause was tried at the October term, 1891.

The jury returned a verdict for $1043.67, the amount of the note and interest, less the payment of $45, which was credited on the note.

*Instructions Referred to in the Opinion of the Court.*

*Appellee's first instruction:*

The court instructs the jury that the defendant has in this case pleaded the statute of limitation as a defense in this suit, and that as to his defense, the burden of the proof is on the defendant, to show, by a preponderance of the evidence, that this suit was not commenced within ten years after the note in question became due, and unless he has so shown that fact, you should find for the plaintiff upon that issue. You are instructed that said note became due on September 13, 1880.

*Appellant's refused instruction:*

The court instructs the jury that a mere indorsement on a note by the holder thereof is not sufficient to remove the bar of the statute of limitations, but that where said payment is denied, the plaintiff must show by a preponderance of the evidence that the said payment was made by defendant, with the express intention of having the same applied on said note.

*Appellee's fourth instruction:*

In order to sustain the defense of usury, it must be proven by defendants by a preponderance of the evidence, that the contract with the plaintiff was to pay him ten per cent interest, instead of eight per cent, and if the jury believe, from the evidence, that any other agreement was made than one to pay more than eight per cent interest per annum, the defendants have not made out the defense of usury.

Simmons v. Nelson.

D. Mack & Son and O'Harra, Scofield & Hartzell, appellant's attorneys.

Sharp & Berry Bros., attorneys for appellee.

Opinion of the Court, *the Hon. Carroll C. Boggs, Judge.*

The appellee brought this action of assumpsit against the appellant and one Parker to recover upon a promissory note then more than ten years past due. The defendants interposed a plea of usury, and that the action was barred by the statute of limitations. The appellee traversed the plea of usury, and to the plea of the statute of limitations he filed a replication alleging that Simmons had made a payment upon the note within ten years.

Upon a hearing before a jury, a verdict was returned, and a judgment rendered against Simmons, the appellant, who prosecutes this appeal. The suit was dismissed as to Parker. The note upon its face bore a legal rate of interest, but the appellant pleaded and sought to establish by proof an agreement outside of the note for the payment of two per cent interest per annum above the legal rate. The evidence bearing upon this contention was conflicting, so much so that a determination of the truth of the controversy was peculiarly a question for the jury.

The appellee, Nelson, maintained that the appellant, Simmons, as a payment upon the note, sold and delivered to him a calf at the price of $45, and that he accepted the same as a payment. Simmons admitted that he had sold and delivered the calf to the appellee, but denied that its price was to be taken as a payment on the note. He admitted that the calf had not been otherwise paid for, and that he had not demanded payment for it. We have examined and considered all the evidence upon this question, and are satisfied with the conclusion arrived at by the jury. It only remains to be seen whether such errors of law intervened in the course of the trial as to demand the reversal of the judgment.

The first instruction given for the appellee advised the

jury that the burden of proof upon the issue upon the plea of the statute of limitations was upon the appellant to show that the suit was not commenced within ten years after the note fell due. This instruction ought not to have been given. By the state of the pleading the appellee admitted that the action was barred unless saved by reason of the payment which he maintained the defendants had made upon the note.

The burden of producing a preponderance of evidence in support of this alleged payment was upon the appellee, not upon the appellant. The instruction, however, only placed upon the appellant the burden of proving a fact admitted by the pleading and appearing incontestably from the face of the note, and we therefore can not imagine that it operated to his prejudice. Aside from this, as the jury specially found, in answer to a question propounded at the request of the appellant, that the suit was not brought within ten years after the note fell due, it is absolutely known that the imposition of the burden of proof, improperly, upon the appellant by this instruction, did not prevent him from prevailing upon that issue. It is, however, insisted that the jury were likely to understand from this instruction that the burden of producing a preponderance of evidence upon the question of whether or not a payment had been made was upon the appellant.

Standing alone, the instruction ought not to have had that effect; and when it is remembered that the court, at the request of the appellant, gave the jury eight other instructions in which they were distinctly told that the appellee was required to establish the alleged payments by a preponderance of the evidence, it would be quite unreasonable to conclude that the jury were misled by the instruction complained of.

All that is correctly stated in instructions 4, 9 and 10, which were refused, was given in other instructions and a repetition was wholly unnecessary.

The court, though asked, refused to instruct the jury that the indorsement of the credit upon the note was not evidence that a payment had in fact been made. We under-

stand that an indorsement of a credit upon a note can not be considered in evidence when the holder of the note is endeavoring to establish a credit for the purpose of avoiding the effect of the statute of limitations.

The instruction ought, we think, to have been given. Yet we do not think its refusal so prejudiced the appellant as to demand a reversal of the judgment. The court, in more than one of the other instructions, explicitly told the jury that they must find for the appellant, upon the issue as to the alleged payment, unless they believed from a preponderance of the evidence that the appellant sold the plaintiff the calf as, and for, a payment upon the note, and delivered the calf with the intention that its agreed price should be placed and applied as a credit upon the note. We know, moreover, from the special findings, that the refusal to give the instruction did no wrong to the appellant. The jury, in reply to a special interrogatory, found specially that the appellant sold the calf to the appellee for the sum of $45, as a payment upon the note, and directed that the price thereof be credited upon the note as a payment thereon. It was from a consideration of these facts, and not from the indorsement upon the note, that the jury determined the issue as to the payment.

Instruction No. 4 given for the appellee is not free from objection. The principle intended to be announced by it is that the appellant was required to prove the alleged usurious contract as pleaded. It fails, however, to state correctly the contract as set out in the plea, and inaccurately states abstract rules of law relating to the effect and consequences of usury upon a contract. In answer to the second special interrogatory, propounded at the request of the appellant, the jury returned as a finding of fact that there was no agreement for the payment of two per cent interest in addition to the legal rate specified in the note, as alleged in the plea.

The appellant having failed to establish the facts set out in the plea upon which he relied as constituting an usurious contract it was wholly unimportant whether the instruction

correctly recited such facts or the principles and rule of law which the jury would have been called upon to apply, had he succeeded in supporting the plea.

We think the judgment right upon the merits and that the record is free from such error as requires a reversal. The judgment is therefore affirmed.