78  196
85  170|

## Isaac Lash v. John Bozarth and Elihu Bozarth.

1. Statute of Limitations—*What is Not a New Promise.*—The mere fact that a party was anxious for his brother to pay the debt in question, and urged him to do so, will not amount to a promise sufficient to take the case out of the statute.

Assumpsit, on a promissory note. Trial in the County Court of McLean County; the Hon. R. A. Russell, Judge, presiding. Finding and

Lash v. Bozarth.

judgment for defendant. Error by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

JOHN E. POLLOCK and FITZ HENRY & POLLOCK, attorneys for plaintiff in error.

WILL & WHITMER, attorneys for Elihu Bozarth, defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a suit in assumpsit upon a promissory note for $500, executed on the 6th day of October, 1883, and payable twelve months after date. John Bozarth signed the note as principal and Elihu B. Bozarth as surety. Judgment was rendered against John Bozarth by default, for $541.77. A trial was had by the court upon a plea of the statute of limitations filed by Elihu Bozarth, resulting in a judgment in his favor. To reverse the last mentioned judgment this writ of error is prosecuted.

At the time of the commencement of the suit more than ten years had elapsed since the maturity of the note. There is no pretense that Elihu Bozarth ever made a new promise in writing to pay the note or made any of the payments of interest indorsed, but the sole question for decision is whether his acts and statements in procuring the principal to pay interest were sufficient to take the case out of the statute. The first payment of interest of which he seems to have had any knowledge was the payment of interest for 1895. He was notified in 1896 and told his brother, the principal, to pay the interest. In 1897 he told the plaintiff in error that he would try to have his brother pay the interest and that if his brother failed to do so, then to bring suit. He did make an effort in that direction but without avail, and the interest for 1897 was never paid. No promise of payment made by John Bozarth would take the case out of the statute as to Elihu, unless made as the agent of Elihu. Kallenbach v. Dickinson, 100 Ill. 427; Waughop v. Bartlett et al., 165 Ill. 124; Robinson v. Briscoe, 55 Ill. App. 137.

The mere fact that Elihu was anxious for his brother to pay the debt and urged him to do so would not amount to a promise sufficient to take the case out of the statute. There is no evidence whatever that tends to show that the payments made by John should be regarded as his payments.

The trial court in passing upon propositions of law entertained the same views that we do and rendered a proper finding. Judgment affirmed.