AKIN v. VAN WIRT et al.

(Supreme Court, Appellate Division, Third Department. January 15, 1908.)

1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.

Plaintiff was the holder of a note executed by a firm. Thereafter two members of the firm sold their interests therein to the third member thereof and another person; the vendees assuming the debts of the firm. *Held*, that plaintiff's acceptance of the new firm as primary debtors on the note did not in itself work a release of the retired members from their liability as sureties for the debt; the relation of principal and surety created by the assumption of the debts being not subject to the will of the creditor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, §§ 181, 181½.]

2. SAME—NEGLIGENCE OF CREDITOR IN GENERAL.

Plaintiff is the holder of a promissory note executed by a firm. Thereafter two members of the firm sold their interests therein to the third member thereof and another person; the vendees assuming the firm debts. Subsequently the third member of the original firm died, leaving the firm assets in the hands of the fourth person as survivor. The survivor went into bankruptcy, during which plaintiff's claim was presented and partially allowed. *Held* that, in the absence of anything to show that plaintiff lost anything in the bankruptcy proceedings by not demanding that her claim be paid from the firm assets, it is no defense to an action against the executors of one of the original retired partners for the unpaid balance of the note that the firm assets held by the bankrupt and his individual assets were not separated and the claims of the different classes of creditors properly assigned to the different assets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, § 298.]

3. LIMITATION OF ACTIONS—PARTIAL PAYMENTS—EFFECT.

A surety on a promissory note told the principal thereon that he must keep the interest paid or else he, as surety, would be compelled to pay the note. *Held*, in an action on the note, that the principal's payments of interest after such direction by the surety were not payments by the agent of the surety, so as to take the case, as to the latter, out of the statute of limitations; such direction being merely an insistence that the principal make payments for himself, as he was bound to do, and thus save the surety from liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 625.]

4. PARTNERSHIP—RETIREMENT OF PARTNERS—LIABILITIES OF RETIRING PARTNER FOR ACTS OF NEW FIRM.

A partner is estopped, as to new transactions with an old customer, from showing that he had left the firm, unless the old customer had been

given notice of his retirement, because presumptively the old customer has relied upon his credit in subsequent dealings with the firm.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 484–486.]

5. SAME.

In an action against a retired partner on a promissory note, executed by his firm and assumed by the new firm after his retirement, in which defendant pleaded the statute of limitations, evidence examined, and *held* insufficient to show that plaintiff had no notice, when accepting a payment of interest on the note from the new firm, that such partner had retired, which payment, on account of such lack of notice, would have constituted a renewed promise to pay the debt by such partner and prevent the running of the statute in his favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 506.]

Cochrane, J., dissenting.

Appeal from Special Term, Rensselaer County.

Action by Almira Akin against P. Campbell Van Wirt, as executor of David Akin, deceased, impleaded with Albert W. Davitt, individually and also as another executor of the same will. From a judgment for plaintiff, defendant Van Wirt appeals. Reversed, and new trial granted.

The action is upon a promissory note. Upon January 1, 1895, the firm of W. H. Akin & Co., composed of William H. Akin, David Akin, the appellant's testator, and Albert Akin, for value delivered to John H. Akin, who was the father of Albert Akin, their promissory note for $20,000, payable in one year, and dated upon that day. Upon April 1, 1895, W. H. Akin sold his interest in the firm assets to the defendant Albert Davitt. Upon January 18, 1896, the appellant's testator, David, also sold his interest in the firm assets to defendant Albert Davitt and Albert Akin, who agreed to pay the firm debts. After the transfer of the interest of William H. Akin upon April 1, 1895, the firm continued to do business under the firm name of "W. H. Akin & Co." At the time of the transfer of the interest of David Akin to Albert Akin and Albert Davitt, January 18, 1896, the firm name was changed from "W. H. Akin & Co." to "Akin & Davitt." This note was transferred by John H. Akin to his wife, Almira Akin, this plaintiff. The exact date of the transfer does not appear. Albert Akin paid the interest upon January 1, 1896, with a check of W. H. Akin & Co., and thereafter with the check of Akin & Davitt. William H. Akin died in 1897. Albert Akin died in 1899. David Akin died in 1902. In 1903 Albert Davitt went into bankruptcy. This plaintiff presented her claim against the estate, and received a dividend thereon of upwards of $5,-000. Thereafter this action was commenced against the executors of David Akin, and judgment was obtained therein as above stated. From the judgment entered upon the decision of the court, the executors have appealed. Further facts are stated in the opinion.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Oscar Warner (Andrew J. Nellis, of counsel), for appellant.
Henry J. Speck, for respondent.

SMITH, P. J. Various defenses are urged to the plaintiff's claim. We are unable to find any evidence to sustain the defense of a novation. It nowhere appears that David Akin, or his estate, has been expressly or voluntarily released by the plaintiff. Upon January 18, 1896, when David Akin sold out to Albert Akin and Albert Davitt, they assumed the debts of the firm. They thereupon became pri-

marily liable for this indebtedness, and David Akin, as well as William H. Akin, were simply sureties. I cannot see that it matters as to what transpired when William H. Akin went out of the firm upon April 1, 1895. This relation of principal and surety, created by the assumption of the debts of the firm upon the retirement of David, was not subject to the will of the creditor. An acceptance by the creditor of this new firm as primary debtors would not in itself work a release of David Akin or William H. Akin from their liability as sureties for the debt.

Nor do I find any release of the surety David Akin by reason of any matters connected with the bankruptcy proceeding of Albert Davitt. The claim presented by the plaintiff in that action was upon these firm notes. It is claimed that it was not there insisted that the firm assets, held by Albert Davitt as survivor, and his individual assets, should be separated, and the claims of the different classes of creditors properly assigned to the different assets. It does not appear, however, that the plaintiff lost anything by not demanding that her claim be paid from the firm assets, and it is only to the extent of a loss caused thereby that the defendant could defend in this action.

Defendant's main contention is to the effect that this claim is barred by the statute of limitations. David Akin left the firm upon January 18, 1896. This action was not brought until 1904. The statute of limitations is a conceded defense, unless there has been some payment, or some other acknowledgment within that time, which would save the statute from running.

To prevent the running of the statute the plaintiff relies upon two facts: First, that the payment of this interest in 1897 and 1898 was made by Albert Akin, at the instance and direction of David Akin. At this time David Akin was confessedly a surety only for this debt. The firm of Akin & Davitt were the principal debtors. The fact, as shown by the evidence, is that David Akin spoke to Albert Akin, and told him that he must keep that interest paid, for otherwise he would be compelled to pay the note. It has been held by the trial judge that this is such an authorization and direction for payment of the interest as to make the act of Albert Akin, in thereafter paying the interest, the act of the surety, from which can be implied a new promise by the surety to become liable for the debt. In Littlefield v. Littlefield, 91 N. Y. 203, 43 Am. Rep. 663, the headnote in part reads:

"One of three makers of a joint and several promissory note, who in fact signed it as surety, upon being applied to for payment, requested the payee to tell the principal that he must make a payment thereon and that he (the surety) said so. The payee made the statement to the principal as requested, who promised to and did subsequently make a payment. This he reported to the surety, who in response stated that it was all right. In an action upon the note, held, that these facts did not show an authority conferred upon the principal to make a payment as the agent of the surety, so as to take the case as to the latter out of the statute of limitations; also that they failed to establish a ratification of the payment."

This authority would seem to be a complete answer to the plaintiff's contention upon this point. The case of Winchell v. Hicks, 18 N. Y. 558, is relied upon by the plaintiff in support of his contention. That case, however, as far as it holds any different rule, must be deemed

to have been overruled by the Littlefield Case cited. In the case at bar, the direction of David to Albert to pay this interest was not to make payment for him as his agent, but was simply an insistence that Akin & Davitt should make payment for themselves, as they were bound to do, and thus save him from liability. The promise to renew the obligation, which is inferred from the judgment, must rest upon a payment made by an agent for the principal, or a payment voluntarily made by himself as a recognition of existing liability. McMullen v. Rafferty, 89 N. Y. 456.

Plaintiff further answers, in defense of the statute of limitations, that by the receipt of interest from that firm of W. H. Akin & Co., of which David Akin was a member, January 1, 1896, she was a customer of the old firm, and as to her the old firm continued up to January 1, 1897, at which time interest was paid by Akin & Davitt, inasmuch as no notice to her is shown that David Akin had retired from the firm. If this payment January 1, 1897, be deemed the payment by David, the statute has not run. The rule of law thus relied upon is that a partner is estopped, as to new transactions with an old customer, from showing that he had left the firm, unless the old customer had been given notice of his retirement, because presumptively the old customer has relied upon his credit in subsequent dealings with the firm. Were the question res nova, I should have doubt whether this estoppel would apply for the purpose of establishing an implied promise to renew a debt in favor of one who had full knowledge of the fact of the partner's retirement long before the statute of limitations would otherwise have run. Upon this point, however, the plaintiff is supported by authority which this court must recognize. The payment of interest relied upon was upon January 1, 1897. That payment was made by Albert Akin with a check of Akin & Davitt, the new firm. The learned trial judge has held that that interest was received by the plaintiff without knowledge of the fact that David Akin had left the firm, and that such payment, therefore, constituted a renewed promise to pay the debt by David Akin, which prevents the running of the statute in this case. This finding of fact that the plaintiff had no knowledge, at the time of the receipt of this payment of interest upon January 1, 1897, that David Akin was not then a member of the firm, is strongly questioned by the appellant here, and the question thus presented is to my mind the most important as well as the most difficult one in the case.

There is no proof that David Akin gave to the plaintiff any specific notice of his retirement from the firm. But the situation here is most peculiar. David Akin is dead and cannot testify. This payment of interest was made by the check of Akin & Davitt, the new firm, organized January 18, 1896. This new firm consisted of Albert Akin and Albert Davitt. Albert Akin was the son of this plaintiff. Albert Davitt was her son-in-law. David and William H. Akin were her brothers-in-law. This plaintiff was brought upon the stand and sworn in her own behalf, and then was withdrawn from the stand without being asked to give any testimony. It is here urged that her silence must be construed most strongly against her upon the question as to whether she at that time had knowledge that David Akin had retired

from the firm. Plaintiff's answer to this proposition is that she was not bound to speak until the defendant had satisfied the burden of proof upon him of showing notice to her, and thus the learned trial court has held. In this holding, however, it appears to us that he has committed an error. At the time that she received this check of Akin & Davitt, she had notice at least that some change had been made in the firm. She was largely interested in that firm, because of the fact that she had $20,000 in there. Knowing that that firm had been changed with her interest therein, all the parties living within a short radius, the inference seems to me irresistible that she knew that the firm of Akin & Davitt was composed of her son and her son-in-law. That inference is strengthened by the fact that while, after 1898, no interest was paid to her, no claim seems to have been made against David Akin in his lifetime. With the probabilities so strong that she had knowledge of the retirement of David Akin, her failure to deny such knowledge, or at least to offer to be sworn thereupon, is in my judgment of controlling significance. If such evidence be offered and objected to under Code Civ. Proc. § 829, it is not intended to pass upon its admissibility. To allow a recovery in this case after the death of David Akin, without a denial on her part that she had knowledge that he had retired from the firm, with all the inferences pointing to the fact that she must have had knowledge, would in my judgment be against good conscience, and so far against the weight of evidence that it should not be suffered in a court either of equity or law.

As the judgment must rest, then, upon this finding that she took this interest upon January 1, 1897, without knowledge of the retirement of David Akin from the firm, the judgment must be reversed on law and fact, and a new trial granted, with costs to appellant to abide the event. All concur, except COCHRANE, J., who dissents.