**Maude L. Robinson, Appellee, v. Elsie Waddell et al., on appeal of Jacob Glos, Appellants.**

**Gen. No. 18,855.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 2, 1913. Rehearing denied December 16, 1913.

### Statement of the Case.

Bill in equity by Maude L. Robinson against Elsie Waddell, Jacob Glos and others to foreclose a trust

deed to secure the payment of a promissory note. From a decree of foreclosure, Jacob Glos appeals.

JOHN R. O'CONNOR, for appellants.

WILLIAM GIBSON and EDWARD J. PHILLIPS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 94*—*when indorsement of part payment on note is new promise.* An indorsement of payment on a promissory note not in the handwriting of the debtor but in that of the then holder, is not, standing alone, such evidence of part payment as will support the implication of a new promise and toll the statute of limitations (J. & A. ¶ 7211); but it will be considered in connection with corroborative evidence tending to show actual payment at the time of the indorsement.

2. LIMITATION OF ACTIONS, § 94*—*when indorsement of part payment with other evidence shows new promise.* An indorsement of part payment on a promissory note by the then holder, made shortly after the maturity of the note and nine years before the statute of limitations (J. & A. ¶ 7211) would run, in connection with such holder's evidence that at the time of the indorsement he as owner of the note received from its maker, who was indebted to him for nothing else, the sum indorsed or a certificate from which he obtained that amount, is presumptive evidence of payment on the note.

