No. 9881.

FIRST NATIONAL BANK OF LA JUNTA, COLORADO *v.* MOCK.

Decided December 5, 1921. Rehearing denied January 9, 1922.

Action to set aside judgment. Judgment for plaintiff.

*Affirmed.*

1.  LIMITATIONS—*Waiver of Statute.* Agreement in a promissory note, that "we, the makers hereby waive all benefits of the statute of limitations," being a waiver for an indefinite time, and permanently removing the statute of limitations from operation, is void, and does not preclude the maker from interposing the statute of limitations as a defense.

2.      *Defense.* The statute of limitations is a meritorious defense to an action on a promissory note.

3   ACTIONS—*Jurisdiction—Defense.*  In an action on a promissory
    note, where judgment was rendered without jurisdiction of the
    person of defendant, he is not required, in a suit to set aside
    the judgment, to show a meritorious defense.

4.  LIMITATIONS—*Promissory .Note.*  Payments on a promissory note
    by one of two joint makers, will not stop the running of the
    statute of limitations as to the other maker.          ,

5.  BILLS AND NOTES—*Promissory Note—Warrant to Confess Judg-
    ment.*  Warrant of attorney in a promissory note authorizing
    any person to confess judgment, confers no authority to confess
    judgment after the remedy for the debt becomes barred by the
    statute of limitations.

*Error to the District Court of Pueblo County, Hon. James
A. Park, Judge.*

Mr. JOHN H. VOORHEES, for plaintiff in error.

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for defendant
in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in equity to set aside a judgment in so far
as it affects the plaintiff.  The judgment now sought to be
vacated was against the plaintiff, William H. Mock, and
other persons.  It was rendered in an action wherein the
defendant in this action, The First National Bank of La
Junta, Colorado, was plaintiff, and William H. Mock, the
plaintiff in the instant case, Walter H. Mock and others
were defendants.  The original action was one to recover
upon two promissory notes, signed by the defendants as
joint makers.  In that action the defendant William H.
Mock, who is plaintiff in this suit, was not served with
summons, but, without his knowledge, an answer was filed
for him by an attorney at law assuming to act under a war-
rant of attorney which is incorporated in the promissory
notes in question.

The complaint in the instant case alleges, among other
things, that at the time the original action was brought
the notes, as to this plaintiff, were barred by the statute of

limitations. The trial court, in the instant case, found or held to the same effect, and vacated the judgment in the original action as to plaintiff with an order permitting him to file answer and plead "such defenses as he may have."

The principal question presented is: Could the plaintiff have pleaded and successfully relied upon the statute of limitations in the original action? The record shows that that action was brought more than six years after the maturity of the notes. The defendant bank contends that the plaintiff, William H. Mock, could not invoke the statute because the notes contained the following language:

"We, the makers, * * * hereby waive * * * all benefits of the statutes of limitations. * * *"

There is considerable conflict of opinion as to the validity of a provision in a contract waiving the benefit of the statute of limitations. Note, Annotated Cases, 1916A, 686. The waiver is generally held valid if it is for a reasonable time only. In the instant case, however, it purports to be for an indefinite length of time and to remove the statute from operation permanently. In Bowers on Waiver, sec. 218, it is said:

"The effects of a waiver of the statute of limitations can in no sense be extended to a permanent removal of its operation. The logical result is that such waiver creates a new period, starting the statute afresh and extending the same length of time as originally applying, unless the agreement is for a waiver for a limited time, in which event suit must be brought within a reasonable time or the bar may again be invoked."

In *Moore v. Taylor*, 2 Tenn. Ch. App. 556, the court said that "a contract to permanently waive the operation of the statute of limitations would be contrary to public policy and void.

In *Mutual Life Ins. Co. v. United States Hotel Co.*, 144 N. Y. Supp. 476, 82 Misc. Rep. 632, is found the following language:

"An agreement made at the inception of a liability to the effect that the statute of limitations will never be inter-

posed as a defense would be flying in the face of the statute. A consideration of public policy is embodied in the statute of limitations, and, while its provisions may be waived at a trial by not pleading the statute, its provisions cannot be waived in advance for unlimited time."

To the same effect is *Wright v. Gardner,* 98 Ky. 454, 33 S. W. 622, 35 S. W. 1116. If the statute could be waived so as to remove it permanently from operation, then, as said in *Hoffman v. Fisher,* 2 Weekly Notes Cases (Pa.) 17, the waiver would result in "a perpetual burden upon a defendant and his estate." In *Kellogg v. Dickinson,* 147 Mass. 432, 18 N. E. 223, 1 L. R. A. 346, there was an indorsement on a note to the effect that the indorser would "not take any advantage of the statute of limitations." Of this the court said:

"If construed to cover an indefinitely long time in the future, it would be extraordinary, and contrary to the policy of the law."

This court has held that the statute may be waived by not pleading it. *Mountain Water Works Co. v. Holme,* 49 Colo. 412, 113 Pac. 501. But, as said in *Crane v. French,* 38 Miss. 503, "there appears to be a plain distinction between declining to take advantage of a privilege which the law allows to a party, and binding himself by contract that he will not avail himself of a right which the law has allowed him on grounds of public policy. * * * It would scarcely be contended that a stipulation inserted in such a note, that he would never set up such defence, would debar him of the defence, if he thought fit to make it." The same view is expressed in *Bridges v. Stephens,* 132 Mo. 524, 34 S. W. 555.

Since the waiver in the instant case is one for an indefinite time, and permanently removes the statute of limitations from operation, under the authorities above cited it should be, and it accordingly is, held to be void. The stipulation in the note will not preclude the plaintiff,

William H. Mock, from interposing the statute of limitations as a defense to the original action.

The plaintiff in error further contends that as this is a suit in equity to obtain relief against a judgment, the plaintiff below must show a meritorious defense, and that the statute of limitations is not such a defense. This contention cannot be sustained. The authorities generally regard the statute of limitations as a meritorious defense in cases of this kind. 23 Cyc. 1033. In a note in 61 L. R. A. 746, the annotator states that, "The weight of authority now is that after a default is excused a plea of the statute of limitations will be regarded as a meritorious and an issuable plea."

In a note in L. R. A. 1916F, 856, it is stated that "under the later cases the plea of the statute of limitations is held not to be unconscionable, but meritorious." Cases on the subject are collected in the notes above referred to. Moreover, in view of what is hereinafter stated in this opinion with reference to a warrant of attorney which is involved in this case, the record shows that the judgment obtained in the original action was rendered without jurisdiction of the person of the plaintiff in the instant case. That being the situation, the plaintiff was not required to show a meritorious defense to the original action. *Crippen v. X. Y. Irrigating Ditch Co.,* 32 Colo. 447, 76 Pac. 794; *Wilson v. Hawthorne,* 14 Colo. 530, 24 Pac. 548, 20 Am. St. Rep. 290.

The promissory notes in question represented indebtedness of the maker, Walter H. Mock, to the bank. The bank asked Walter H. Mock for "additional security" and he gave a chattel mortgage and a trust deed to the bank, and together with an officer of the bank procured this plaintiff, William H. Mock, to sign the notes as a joint maker. The bank realized certain sums from the sale of the properties covered by the chattel mortgage and the deed of trust. The bank claims that such collections are to be regarded as payments by the principal debtor at the time the money was received, and that such payments or collections interrupted the running of the statute of limitations not only as to

Walter H. Mock but also as to this plaintiff, William H. Mock. This contention need not be considered further than as it applies to William H. Mock. As to him the statute was not interrupted. In *Coulter v. Bank,* 18 Colo. App. 444, 72 Pac. 602, it was held that payments made upon a promissory note by one of two joint makers will not stop the running of the statute of limitations as to the other maker. In 25 Cyc. 1356 it is said that—"Now the almost universal rule is that an acknowledgment or new promise by one of several joint debtors * * * will not interrupt the statute of limitations as to the others."

The bank seeks to avoid this rule by stating that the collections "were made with the knowledge and consent and under the directions of William H. Mock." If that fact is true, the rule still applies. William H. Mock did not make any acknowledgment of his own indebtedness by any agreement as to what could be done with a joint debtor's property. There was no such acknowledgment on his part as to interrupt the running of the statute as to him.

Other questions are discussed in the briefs, but it is not necessary to notice in this opinion any of them except that relating to the warrant of attorney which appeared in the notes in question, authorizing any person to confess judgment. That warrant of attorney conferred no authority to confess judgment after the remedy for the debt became barred by the statute of limitations. 14 Standard Enc. of Procedure, 826. The defendant bank contends that the rule has been announced to the contrary in *Cross v. Moffat,* 11 Colo. 210, 17 Pac. 771. In that case, however, the note itself was not barred, and the warrant of attorney was regarded as security for the debt. The Cross case is not decisive of the instant case on this point. The subject is discussed in *Matzenbaugh v. Doyle,* 156 Ill. 331, 40 N. E. 935, where the court, following *Walrod v. Manson,* 23 Wis. 393, 99 Am. Dec. 187, held that as soon as a note becomes barred the warrant of attorney is *functus officio.* The Wisconsin court said:

"It is not reasonable to suppose that the party executing a warrant of attorney with a note intends to confer any authority by it beyond the life of the note."

We find no error in the record. The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.