## Nellie Wilson, Plaintiff in Error, v. Harry A. V. Josephson, Defendant in Error.

### Gen. No. 7,624.

1. CONFESSION OF JUDGMENTS—*power of clerk to enter.* Judgments by confession can be entered by the clerk in vacation only; during term time they must be entered in open court.

2. CONFESSION OF JUDGMENTS—*when clerk not authorized to enter during adjournment.* A judicial day is a unit, and the court is not in vacation during the period intervening between the hour of its adjournment on one day and the hour of its convening on the next, so as to permit the clerk to enter judgment by confession during such interval.

3.  COURTS—*when acts of party do not confer jurisdiction of subject matter.* The defendant's right to raise the question of the court's want of jurisdiction of the subject matter is not waived by the fact that he moved to vacate the judgment, called and examined witnesses and resisted a motion to amend the clerk's record.

Error by plaintiff to the Circuit Court of Warren county; the Hon. WALTER C. FRANK, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed May 17, 1927.

LAUDER & LAUDER, for plaintiff in error; LOUIS H. HANNA, of counsel.

HANLEY & COX and GRIER, SAFFORD & SOULE, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.

This cause is here on writ of error to the circuit court of Warren county. Plaintiff in error, Nellie Wilson, seeks to reverse an order setting aside a judgment by confession and quashing an execution. The note and warrant of attorney upon which the judgment was entered was given by Josephson to plaintiff in error January 21, 1925. The circuit court was in session during the morning of January 26th, and adjourned at 11.30 o'clock of that day until 9.00 o'clock on the next morning. The judgment was entered by the clerk and execution was issued and placed in the hands of the sheriff on January 26th after the adjournment of court.

Josephson had executed a chattel mortgage on certain property to his brother and sister-in-law dated October 25, 1922. On January 21, 1925, he gave another chattel mortgage on some corn to his father. Both mortgages were acknowledged before a justice of the peace and duly recorded. The justice of the peace who took the acknowledgment did not reside in the same township as the mortgagor, so, on January 31, 1925, after the judgment in question was entered, the

mortgages were reacknowledged before the county judge and again recorded. Defendant in error also gave a mortgage to his father on other chattels, dated January 31, 1925, which was acknowledged before the county judge and recorded the same day. Thereupon an agent of the mortgagees took possession of the property and posted notices of sale. The sheriff, by virtue of the execution, levied on a part of the property on February 2nd, and posted notices of sale. On February 3rd, defendant in error filed his special appearance and moved to vacate the judgment and to quash the execution. At the hearing plaintiff in error filed her cross motion to amend the clerk's record. Defendant in error entered his appearance to resist the motion which was subsequently withdrawn.

The principal question for determination is whether the judgment was entered in term time or in vacation. If the period between the adjournment of court on one day and the hour of the next day to which court was adjourned, is to be considered as "vacation," the clerk was authorized under the law to enter the judgment, but if the period is to be considered "in term time" he had no authority to do it. It is unquestionably the rule that judgments by confession can be entered by the clerk only in vacation. During term time they must be entered in open court. *Conkling v. Nicholas H. Ridgely & Co.*, 112 Ill. 36. The common-law definition of the term "vacation" was "all the time between the end of one term and the beginning of another." 6 Jacobs' Law Dict. 323. Before the passage of the Practice Act of 1872, judgments by confession could only be entered in open court in term time. In *Conkling v. Nicholas H. Ridgely & Co., supra,* that act was held to be remedial, and the court sustained a judgment by confession entered by the clerk during an interval adjournment of the term for 32 days as being in vacation, but added that: "We would not be understood as holding that under this act, vacation means

all the time the court is not in actual session, or that it embraces the time of adjournment from day to day.'' This view was again expressed in *Field v. Ridgely,* 116 Ill. 424, which case involved the same judgment. In *Coe v. Hallam,* 173 Ill. 461, the court referred to those two cases and said: ''The adjournment in those cases was for thirty-two days and in this case it was for sixteen days, but the interpretation of the statute in those cases was that vacation includes any recess during the adjournments of the court not embracing the time between adjournments from day to day. The law ordinarily takes no account of fractions of a day, unless it is necessary for the determination of substantial rights. A day is a unit and one day lasts until another begins, so that if the court is in session on successive days it is term time, without any interval between; but when an adjournment is ordered over a period of time including a judicial day on which the business of the court and clerk might be transacted and judgments entered, there can be no distinction, in reason, between one day and sixteen or thirty-two.''

In *First Nat. Bank of Ottawa v. Daly,* 34 Ill. App. 173, the adjournment was from Thursday forenoon until the following Monday. Judgments by confession were entered by the clerk in the interim. This court in quoting the language of the opinion in *Conkling v. Ridgely, supra,* says, ''We do not understand by the above language the court means to say that it would not be vacation where a judicial day or days intervene between the adjournment and the day fixed for convening the court. It is only the fractional days of vacation where the court adjourns from day to day that is meant, and possibly nonjudicial days.'' In *Unbehahn v. Fader,* 319 Ill. 250, *Coe v. Hallam, supra,* is approved and cited as holding that the term ''vacation'' is not limited to the intervals between terms of court but includes any recess of the court extending over a judicial day. In *Schmieg v. Burkhardt,* 215 Ill. App.

240, the court said it is not inclined to hold that, where the record discloses that the court was in session on a certain day, any vacation of the court existed on that day giving the right to the clerk to enter a judgment. Under the decisions it has been declared to be the rule that a judicial day is a unit and that the court is not in vacation between the interval adjournment on one day and the convening of court on the next.

It is further contended that defendant in error by filing his motion to vacate the judgment, calling and examining witnesses and in resisting the motion to amend the clerk's record, waived all jurisdictional defects. If it be conceded that these acts of defendant in error constituted a waiver of jurisdiction as to his person, it cannot be said that they operated as a waiver of jurisdiction as to the subject matter, which is conferred by law and cannot be waived.

Counsel for plaintiff in error contend that courts should take notice of fractions of a day where substantial rights are involved. Under the circumstances, we do not feel justified in applying the exception to the general rule as above laid down. The circuit court properly set aside the judgment and quashed the execution.

*Judgment affirmed.*