[Civ. No. 6677. First Appellate District, Division One.—January 29, 1930.]

FIRST NATIONAL BANK OF FINDLAY (a Corporation), Appellant, v. HOMER S. TERRY, Respondent.

502

Dunn, White & Aiken and Hamilton Wright for Appellant.

Fitzgerald, Abbott & Beardsley, for Respondent.

THE COURT.—This is an action on a foreign judgment, the validity and enforceability of which was challenged in the trial court by the defendant on the several grounds hereinafter mentioned, all of which were pleaded as special defenses in the answer and by the trial court sustained. Accordingly, judgment was entered for defendant, and plaintiff has taken this appeal therefrom.

In determining the question of the enforceability of a judgment theretofore entered in a court of record of a sister state, it is a fundamental principle of law universally recognized, that the "full faith and credit" clause of the federal Constitution (art. IV, sec. 1) requires only that the judgment be given such faith and credit as it had by the law or usage of the state of its origin. (*Board of Public Works* v. *Columbia College*, 17 Wall. (U. S.) 521 [21 L. Ed. 687, see, also, Rose's U. S. Notes].) [2] The judgment here sued upon was entered by confession in the records of the Circuit Court of Piatt County, Illinois; and it appears

without contradiction from the judgment itself as well as from the other court records introduced in evidence at the trial by appellant, that the judgment was entered by the clerk of said court *in recess during the October term of said court* in the year 1923; and admittedly under the law of that state, judgments by confession can be legally entered by the clerk only "in vacation." During "term time" they must be entered in open court. (*Wilson* v. *Josephson,* 244 Ill. App. 366; *Schmieg* v. *Burkhardt,* 215 Ill. App. 240; *Anderson* v. *Field,* 6 Ill. App. 307; chap. 110, sec. 188, Smith's Illinois Rev. Stats. 1921.) It follows, therefore, that the judgment in question was invalid under the law of the state of its origin, and consequently it is unenforceable here.

▌ In support of the judgment appellant argues that under the decisions of that state the term "in recess" is sometimes held to mean "in vacation." But, as pointed out in the case of *Wilson* v. *Josephson, supra,* which reviews many of the earlier Illinois cases upon the subject, the term "in recess" is construed to mean "in vacation" only when it appears that the recess interval extends over a period of more than one judicial day, and not where the adjournment is taken merely from day to day. In the present case the wording of the court documents, including the judgment, is that the judgment was entered in recess "during October term," and since there is nothing in the record indicating that the recess mentioned extended over a period of more than one judicial day, the language of the judgment is controlling.

In further support of the judgment, appellant seeks to invoke the aid of the legal presumption of regularity and verity with which all judgments of courts of record are clothed; and in this connection appellant cites a number of cases from Illinois, and from other jurisdictions interpreting the Illinois cases, to the effect that by virtue of statutory enactment in that state, a judgment entered by confession by the clerk "in vacation" has the same force and effect and is entitled to the benefit of the same presumptions as a judgment entered by the court. On the other hand, respondent calls attention to other Illinois decisions which evidently hold to the opposite view, upon the theory that in entering judgment by confession the clerk exercises no judicial

power, but acts merely in a ministerial capacity. The latter view is apparently the one taken in this state. (See opinion refusing hearing by Supreme Court in *Shirran* v. *Dallas*, 21 Cal. App. 405–423 [132 Pac. 454, 462]; also, *Old Settlers' Investment Co.* v. *White*, 158 Cal. 236 [110 Pac. 922].) But, whatever may be the correct Illinois rule as to the status of such judgments, it does not aid in establishing the validity of the judgment under consideration here, because admittedly the statute referred to, in terms, is restricted to judgments entered by the clerk ''in vacation,'' which, as the evidence shows and the court found, is not this case. Moreover, appellant frankly states in its brief that the point is presented upon the assumption that the judgment was entered ''in vacation.''

Another ground of attack upon the judgment in the trial court was that the court in which it was entered did not acquire jurisdiction over the person of respondent. This contention is based upon the following facts: The judgment was founded on a promissory note for the sum of $1689.95, dated Findlay, Illinois, January 25, 1908, and was signed by respondent, made payable on demand to ''The Findlay Store Co.,'' and subsequently indorsed to appellant. Annexed to it and forming a part thereof was a warrant of attorney, reading as follows:

''And to secure the payment of said amount I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, at any time hereafter, and confess judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and 10 per cent. attorney's fees, and to waive and release all errors that may intervene in such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue thereof.''

Acting under the authority of said warrant of attorney, a *cognovit* or confession of judgment, as it is commonly called, was signed and filed in the Circuit Court by an attorney named Whitaker, and it was in pursuance thereof that the clerk assumed to enter the judgment. The particular contention respondent makes in reference to the point of jurisdiction is that said note was barred by the statute

of limitations long prior to the institution of the proceeding which resulted in the entry of the judgment, that necessarily all authority granted under the warrant of attorney lapsed at the time of the expiration of the remedy to collect the note, and that consequently the *cognovit* or confession of judgment signed and filed by said attorney in pursuance of said warrant of attorney was void and conferred upon the court no jurisdiction whatever over the person of respondent.

■ It is definitely settled by the law of Illinois, and of other states as well, that a warrant of attorney, such as we have here, confers no authority to confess judgment on a note after the payee's remedy for the collection of the debt has become barred by the statute of limitations. (*Matzenbaugh* v. *Doyle,* 156 Ill. 331 [40 N. E. 935] ; *Walrod* v. *Manson,* 23 Wis. 393 [99 Am. Dec. 187] ; *Kahn* v. *Lesser,* 97 Wis. 217 [72 N. W. 739] ; *First Nat. Bank of La Junta* v. *Mock,* 70 Colo. 517 [21 A. L. R. 770, 203 Pac. 272], citing and following the Illinois and Wisconsin cases.) ■ Furthermore, it is held that where, without legal authority, an attorney enters the appearance of a defendant, the judgment based on such unauthorized act is void and may be collaterally attacked (*Bruschke* v. *Der Nord Chicago Schuetzen Verein,* 145 Ill. 433 [34 N. E. 417], and although a recital in the record to the effect that the defendant appeared by attorney is deemed conclusive proof of the fact that the attorney did so appear, it is only *prima facie* evidence of the authority of the attorney to appear, which latter fact the defendant is at full liberty to disprove (*Welch* v. *Sykes,* 3 Gilm. (Ill.) 197 [44 Am. Dec. 689]).

■ The determinative question presented by this branch of the case is, therefore, whether said note was, as respondent claims, barred by the statute of limitations prior to the institution of the proceedings in the Circuit Court, for if it was, then, under the authorities above cited, the power granted by the warrant of attorney expired with the remedy to collect the note, and any confession of judgment signed and filed in pursuance thereof subsequent to that time was legally insufficient to support a valid judgment. In this regard, it is conceded that the Illinois statute fixes a ten-year period within which actions on promissory notes may be commenced. (Sec. 17, chap. 83, Rev. Stats. of Ill., 1921.) The action on this note was instituted in the Circuit

Court on October 20, 1923, which was more than fifteen years after the demand date of the note. The Illinois statute further provides, however, that if any payment shall have been made on the note, the period of limitation commences to run only from the time of such payment. The record of the Illinois court was introduced in evidence at the present trial by appellant and embodied in one of the documents forming part of said record was a copy of said note. On the reverse side of the note appeared certain entries indicating the payment of interest and part of the principal each year up to and including the year 1914. But in this connection the respondent testified without contradiction that he made no payments whatever on said note; that as a matter of fact the note was given by him for the credit and accommodation of his father and that he, respondent, received no part of the principal sum of the note; and that, although he understood that his father was to make payments on said note, he, respondent, did not authorize any such payments to be made, nor did he authorize or consent to the making of any of the indorsements of payment on said note. In that state of the record it cannot be held that the mere presence on the reverse side of the note of entries of payments had the effect of tolling the statute, for in the first place it is the law of that state that an "indorsement of partial payment on a note, made by the holder without the privity of the maker, is not of itself and uncorroborated, sufficient evidence of payment to repel the defense created by the statute of limitations" (*Metcalf* v. *Metcalf*, 219 Ill. App. 96, citing other cases; *Simmons* v. *Nelson*, 48 Ill. App. 520). In other words, as held in *Robinson* v. *Waddell*, 184 Ill. App. 29, a mere indorsement of part payment on a note is not such evidence of part payment as will support the implication of a new promise and extend the period of the statute of limitations. And, secondly, it is also the law of that state that part payment on a note by any person other than the one in whose favor the statute is running, does not operate to extend the period statute as to the latter if he has neither contributed to nor authorized such part payment. (*Davis* v. *Mann*, 43 Ill. App. 301; *Kallenbach* v. *Dickinson*, 100 Ill. 427 [39 Am. Rep. 47]; *Deaton* v. *Deaton*, 109 Ill. App. 7; *Lash* v. *Bozarth*, 78 Ill. App. 196.) The states of Michigan and

New York evidently follow the same rule (*Borden* v. *Fletcher's Estate*, 131 Mich. 220 [91 N. W. 145]; *Akin* v. *Van Wirt*, 124 App. Div. 83 [108 N. Y. Supp. 327]). We find nothing in the case of *MacFarland* v. *Utz*, 175 Ill. App. 525, stressed by appellant, at variance with the rule above stated.

Appellant argues that respondent's testimony related to extrinsic matters amounting to a collateral attack upon the judgment, and therefore was erroneous. ■ But, as will be observed, the testimony had a direct bearing upon the question of want of jurisdiction of the Illinois court over the person of respondent; and it is a rule of general application that a judgment of a sister state is always open to attack on the ground of lack of jurisdiction of the court rendering the judgment over the person of the defendant (*Chicago Life Ins. Co.* v. *Cherry*, 244 U. S. 25 [61 L. Ed. 966, 37 Sup. Ct. Rep. 492]; *Thompson* v. *Whitman*, 18 Wall. (U. S.) 457 [21 L. Ed. 897, see, also, Rose's U. S. Notes]; *Estate of Hancock*, 156 Cal. 804 [134 Am. St. Rep. 177, 106 Pac. 58, 59]; *Greenzweig* v. *Strelinger*, 103 Cal. 278 [37 Pac. 398]; 15 Cal. Jur. 245). In other words, as declared in *Estate of Hancock, supra:* "A judgment of a court of record of another state differs in its conclusive effect from a judgment of a court of record of this state in one material respect, viz., that it is always open to the person against whom the judgment is attempted to be used to show by evidence other than the record of the judgment, and even by evidence opposed to recitals contained in such record, that the court purporting to give the judgment was without jurisdiction either of the cause or of the parties. If such lack of jurisdiction in one or the other of these respects is not made to appear, the judgment is as final and conclusive on collateral attack as would be a judgment of one of our own superior courts, but if such lack of jurisdiction is made to appear, the judgment must be regarded as a nullity." (See, also, *Greenzweig* v. *Strelinger, supra; Estate of James*, 99 Cal. 374 [37 Am. St. Rep. 60, 33 Pac. 1122].) The cases cited and relied upon by appellant deal with the rule relating to domestic judgments and consequently are not in point. For the reasons above stated we are of the opinion that the testimony objected to was admissible upon the issue of jurisdiction.

During the argument before the trial court on motion for a new trial appellant asked leave to introduce additional evidence for the purpose of showing, as it claimed, that the Circuit Court was actually in adjournment at the time the judgment by confession was entered by the clerk; also for the purpose of contradicting respondent's testimony to the effect that he gave the note for the accommodation of his father, and that he neither made payments thereon nor authorized the same to be made. The trial court denied such application. Since then and prior to the submission of the cause on appeal, appellant made application to this court, under rule XXXVIII of the Supreme Court and the District Courts of Appeal, and section 956a of the Code of Civil Procedure, for an order permitting the production of such additional evidence; also of evidence showing that the statute of limitations was suspended by the absence of respondent from the state of Illinois.

It appears from the record, however, that all of the points upon which appellant now seeks to introduce evidence were raised and argued in the trial court prior to the rendition of its decision upon the merits, and that no application was made for continuance to obtain the additional evidence which it now seeks to introduce before this court, the reason assigned for not offering such evidence at the trial being that counsel representing appellant at the trial was not at that time aware that the judgment sued upon was, as now it is claimed, entered during an adjournment of court; and that he believed the other evidence mentioned was not admissible.

Under such circumstances we are of the opinion that the situation is not such as comes within the purview of the rule of court and the section of the code above mentioned. As held in *Estate of Wirt,* 207 Cal. 106 [277 Pac. 118, 120]: "Section 956a of the Code of Civil Procedure is not intended to have application to cases wherein the production of original evidence was sought to be permitted in this court and the purpose of the production of such evidence would be to lead us to a reversal of the cause upon appeal." In other words, as indicated in *Leal* v. *Leal,* 206 Cal. 513 [274 Pac. 965], the powers now vested in the reviewing courts on appeal authorize the taking of additional evidence when, in the discretion of the court and in the interest of justice, the record presented should be supple-

mented, but do not allow the cause to be tried *de novo* on the application of a party as a matter of right.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 28, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1930.

All the Justices concurred.