EDMONDS, J.
 

 This appeal presents for review an order of the superior court denying a motion of the plaintiff to enter judgment against the sureties upon an undertaking given to stay the execution of a judgment directing the payment of money. The question for decision is whether the statute of limitations runs in favor of the sureties in such a case, and if so, what period of time is to be applied.
 

 The plaintiff brought action and recovered a money judgment. To get a stay of execution pending an appeal, the defendants filed an undertaking executed by John H. Blair and C. E. Rachal, the respondents here, in the form required by section 942 of the Code of Civil' Procedure. Thereafter the judgment was affirmed, and a
 
 remittitur
 
 issued which was filed in the trial court on August 17, 1931. On June 26, 1936, the judgment not having been paid in full, the plaintiff served and filed notice of motion for the entry of judgment against the sureties on the undertaking. At the hearing, counsel for the respondents objected to the granting of the motion upon the ground that any claim against them was barred by the statute of limitations, more than four years having elapsed from the date of the filing of the
 
 remittitur.
 
 This objection was sustained and the motion denied.
 

 The appellant contends that by executing the undertaking the respondents became parties to the original suit and that the motion for judgment against them was a step in that action—not a new action or a special proceeding. From this premise it argues that as statutes of limitation only apply to actions or special proceedings and the summary remedy provided by statute for enforcing the obligation is neither of these, the plaintiff is entitled to have judgment entered upon its motion at any time during the five-year period within which an action may be brought upon its judgment against the defendants in the action. The sureties take the position that the motion is barred either under the four-year statute
 
 *469
 
 of limitation applying to “an action upon any contract, obligation or liability founded upon an instrument in writing” (sec. 337, Code Civ. Proe.), or at the expiration of the three years fixed as the period of limitation “upon a liability created by statute, other than a penalty or forfeiture”. (Sec. 338, Code Civ. Proc.)
 

 The undertaking executed by the respondents followed the requirements of section 942 of the Code of Civil Procedure and provides: “The said principals and said sureties, do further jointly and severally undertake and promise . . . that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the said defendants and appellants will pay the amount directed to be paid by the judgment . . . and all damages and costs which may be', awarded against said appellants herein upon such appeal [and] that if the said appellants and defendants do not make such payment within thirty (30) days after the filing of the
 
 remittitur
 
 ... in the court from which the appeal is taken, judgment may be entered upon the motion of said plaintiff and respondent, in its favor, against the undersigned sureties for such amount of said judgment, together with the interest that may be due thereon, and the damages and costs that may be awarded against said appellants upon the appeal.”
 

 Although sureties upon such a bond became parties to the original action
 
 (Hawley
 
 v.
 
 Gray Bros. etc. Co.,
 
 127 Cal. 560 [60 Pac. 437];
 
 Hogan
 
 v.
 
 Loclce-Paddon,
 
 91 Cal. App. 606 [267 Pac. 392]), their position is not the same as that of the defendants. When the judgment becomes final it cannot be executed against them without further proceedings. They are not entitled to notice of subsequent steps in the proceedings and have no right to participate in them. By signing an undertaking upon appeal, a surety consents that judgment may be entered against him on motion for the amount of the judgment as affirmed
 
 (Gray
 
 v.
 
 Cotton et al.,
 
 174 Cal. 256 [162 Pac. 1019]), and he becomes a party to the action for the limited purpose of giving the court, jurisdiction to render and enforce a judgment against him
 
 (Meredith
 
 v.
 
 Santa Clara Min. Assn, of Baltimore,
 
 60 Cal. 617). In effect, the bond is a stipulation for judgment upon a certain contingency. The general rule is that a consent to the entry of judgment expires after the payee’s remedy becomes barred by the statute of limitations
 
 (First
 
 
 *470
 

 Nat. Bank
 
 v.
 
 Terry,
 
 103 Cal. App. 501 [285 Pac. 336];
 
 First Nat. Bank
 
 v.
 
 Mock,
 
 70 Colo. 517 [203 Pac. 272] ; annotation 21 A. L. R 774), and the liability of a surety cannot be enforced by the summary proceeding of a judgment ren- . dered upon motion when an action could not be maintained upon the bond. Neither remedy is exclusive (3 Am. Jur. 775, 776), but the same limitation of time applies to each.
 

 The obligation of the sureties is upon the undertaking, an instrument in writing, not upon the judgment. Liability upon such an undertaking accrues from the affirming of the judgment to which it relates and is barred four years thereafter.
 
 (Crane
 
 v.
 
 Weymouth,
 
 54 Cal. 476;
 
 Clark
 
 v.
 
 Smith,
 
 66 Cal. 645 [4 Pac. 689, 6 Pac. 732];
 
 Howard Ins. Co. of N. Y.
 
 v.
 
 Silverberg,
 
 89 Fed. 168; see. 337, Code Civ. Proc., 16 Cal. Jur. 438, 484.) Notice of the motion to enter judgment against the sureties was given more than four years after the
 
 remittitur
 
 was filed in the superior court, and the motion was, therefore, properly denied.
 

 The order is affirmed.
 

 Shenk, J., Waste, C. J., Langdon, J., Curtis, J., and Seawell, J., concurred.